GEORGE F. HARDING *et al.*

*v.*

JAMES A. BROPHY.

*Filed at Ottawa May 14, 1890.*

1. TAX TITLE—*service of notice on the owner—excuse that owner could not be found—sufficiency of affidavit—diligence required.* An affidavit of the service of notice of a tax purchase showed that the affiant was unable to find the names of any of the owners of the land except the estate of D. L. Gregg and two other persons: *Held,* that this impliedly amounted to an assertion that the estate of D. L. Gregg was one of the owners, and the tax purchaser was required to serve notice upon the representatives of that estate, or show that upon diligent inquiry they could not be found in the county.

2. An affidavit to procure the issue of a tax deed, stated as an excuse for not personally serving notice of the time when the redemption would expire on the owners, that affiant was unable, on diligent search and inquiry, to find the names of any of said owners except A B and the estate of D. L. G.: *Held,* fatally defective in failing to show that affiant was not able, upon diligent inquiry, to find in the county those who represented the estate. It was not sufficient to search and inquire for the names of the owners. It was necessary to make diligent search and inquiry for the owners themselves.

3. SAME—*notice by publication—whether allowable.* Publication of notice of a tax purchase is only made necessary, and can only be regarded as a substitute for personal service, when the owner can not, upon diligent inquiry, be found in the county. Unless this is shown, there is no authority to publish the notice.

4. PRACTICE IN THE SUPREME COURT—*changing the record—by stipulation.* The parties, on appeal or error, can not, by stipulation or consent, change the record of a cause by showing a different state of fact than that acted upon by the court below, and thus procure the judgment of this court upon different or new facts.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. WILLIAM J. AMMEN, for the appellants:

Valid judgment, precept, affidavit and notice must be shown to establish the validity of tax sales. *Gage* v. *Caraher*, 125 Ill. 447; *Bell* v. *Johnson*, 111 id. 374.

As to the period covered by averments as to occupancy, see *Gage* v. *Bailey*, 100 Ill. 530.

As to the necessary averment in regard to service on occupant, see *Price* v. *England*, 109 Ill. 394, and *Davis* v. *Gossnell*, 113 id. 121.

As to what the notices and affidavits must state, see *Wallahan* v. *Ingersoll*, 117 Ill. 123.

The validity of a tax title depends upon a strict compliance with the statute, and this compliance must be shown solely by the affidavit filed with the county clerk. *Gage* v. *Mayer*, 117 Ill. 632; *Wisner* v. *Chamberlin*, id. 568; *Chappel* v. *Spire*, 106 id. 472.

A tax deed must be founded on a legal and valid sale, and. to render the sale valid it must be made upon a legal and proper process; and the want of the certificate of the county clerk to the record of the judgment is a fatal defect in the sale of land for taxes. It is the certified record that constitutes the process, which is indispensable to a valid sale. *Ogden* v. *Bemis*, 125 Ill. 105.

It will be remembered, in this connection, that it is this certificate of the county clerk that states the delinquent assessment is for the year 1885.

As construing the section of the statute requiring service on the owner or parties interested, we cite *Smyth* v. *Neff*, 123 Ill. 310, where it is held, that when the owner is served, other parties in interest need not be served. In the case at bar there is no showing that the owner was served.

If any portion of the tax is illegal, or the judgment be for too much, the sale and deed are void.

Any mistake in the notice as to time for redemption is fatal to the validity of a deed.   *Wisner* v. *Chamberlin*, 117 Ill. 568.

As to the facts to be shown by the affidavit, see *Davis* v. *Gossnell*, 113 Ill. 121.

As to service by agent and averments as to the agency, we cite *Taylor* v. *Wright*, 121 Ill. 455.

An affidavit which fails to show that he who is served with notice is the only one in possession at the time of such service, is fatally and incurably defective.   *Wisner* v. *Chamberlin*, 117 Ill. 568.

An affidavit of service on a person as owner, or as the person in whose name, etc., is fatally defective.

As to parties to be served with notice, we cite Revenue Law, sec. 216 ; 2 Starr & Curtis, sec. 2098 ; *Price* v. *England*, 109 Ill. 394 ; *Davis* v. *Gossnell*, 113 id. 121 ; Const. 1870, sec. 5, art. 9 ; *Gage* v. *Reid*, 118 Ill. 34.

As to contents of affidavit, we cite Revenue Law, sec. 217 ; *Smith* v. *Hutchinson*, 108 Ill. 662 ; *Eagan* v. *Connelly*, 107 id. 458 ; *Wallahan* v. *Ingersoll*, 117 id. 123 ; *Gage* v. *Waterman*, *supra; Ransom* v. *Henderson*, 114 Ill. 528.

Mr. H. S. McCARTNEY, for the appellee :

The affidavits, notices and proceedings were valid, and in substantial compliance with the statute.

Mere informalities, or variance in attempting to comply with the law in regard to notices, is not fatal.   Cooley on Taxation, (1st ed.) 335.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court :

This is an action of ejectment brought by appellee against appellants to recover five acres of land in the town of Lake and county of Cook.   The plaintiff below relied upon a tax deed.   The premises were sold on September 2, 1886, on ac-

count of a delinquent special assessment for a water pipe in one of the streets of the town of Lake. The tax deed, executed in pursuance of such sale, bears date February 12, 1889.

The plaintiff introduced in evidence the precept and judgment; a certified copy of the application for the tax deed, including the affidavits, notices, publisher's certificate and certificate of purchase; and, in connection with these, the tax deed issued upon such application. To this deed and the documents accompanying it many objections were made by the defendants, but all were overruled and exceptions were taken.

Section 216 of the revenue Act provides that the purchaser at a tax sale, in order to entitle himself to a deed, shall serve, or cause to be served, written or printed, or partly written or partly printed notice of such purchase on certain persons, and, among others, on "the owners of   *   *   *   said land or lot, if they can, upon diligent inquiry, be found in the county," etc., and that "if the owners   *   *   *   upon diligent inquiry, cannot be found in the county," then such notice shall be published in a newspaper, etc.

The affidavit, filed by the plaintiff with the clerk of the county court in supposed compliance with section 217 of the revenue law, so far as the contents of such affidavit appear in this record, states, that "during the two months next preceding the last three months prior to the expiration of the time of redemption from said sale affiant made diligent search and inquiry in said county for the owners of said premises, and, upon such diligent search and inquiry, was unable to find the *names* of any of said owners except George F. Harding   *   *   * and   *   *   *   J. A. Packard, and upon such diligent search and inquiry was unable to find the *names* of any of said owners except George F. Harding, J. A. Packard and estate of D. L. Gregg," etc.

The plaintiff, by stating that he was unable to find the names of any of said owners, except the estate of D. L. Gregg and two other persons, thereby impliedly asserts that the estate of

D. L. Gregg was one of the owners. Therefore, he was required to serve the notice upon the representatives of the estate of D. L. Gregg, if they could, upon diligent inquiry, be found in the county. There is no affidavit or other evidence to show that the representatives of that estate were personally served with notice. The affidavit of one Geddes states, that he served the notice on Harding personally by handing it to him and leaving it with him, and that he served it on Packard personally by handing it to him and leaving it with him, but both the affidavit of Geddes and that of appellee, which were the only affidavits presented to the county clerk upon the application for a deed, are silent as to any personal service upon the representatives of said estate.

The affidavits do not show, as an excuse for such failure to make personal service, that the representatives of the estate could not, upon diligent inquiry, be found in the county. Appellee merely states in his affidavit, that he was unable, upon diligent search and inquiry, to find "the *names* of any of said owners except" Harding, Packard and the estate of D. L. Gregg. It would appear from this that he did find the *name* of the estate of D. L. Gregg, as an owner of the property, but it nowhere appears that he was not able, upon diligent inquiry to find in the county those who represented that estate. It was not sufficient to search and inquire for the *names* of the owners. It was necessary to make diligent search and inquiry for the owners themselves.

It is true that the affidavits show the publication in a newspaper of a notice addressed to the estate of D. L. Gregg. But such publication is only made necessary, and can only be regarded as a substitute for personal service, when the owner cannot, upon diligent inquiry, be found in the county. We are, therefore, of the opinion that appellee was not entitled to his tax deed under the imperative requirements of sections 216 and 217 of the Revenue Act.

HARDING *et al. v.* BROPHY.

After this cause had been submitted to the court and taken under advisement, a stipulation purporting to be signed by both counsel was filed with the clerk of the court. By this stipulation an attempt is made to submit to us a different case from that which was submitted to the trial court. The record before us, duly certified by the clerk of the circuit court, shows that, upon the trial below, *certified copies* of the affidavits, notices and other documents, embodied in the application to the county clerk for a deed, were introduced in evidence by the plaintiff. No objection was made that copies were offered instead of the originals. The stipulation assumes to state, that the original affidavit of the plaintiff on file in the county clerk's office did not contain certain words which were in the certified copy of such affidavit as introduced on the trial. We cannot consider this stipulation. It is not a part of the record. No motion, founded upon it, was made before us while we were in session. It was not called to our attention until the business of the term was closed.

We are a court of review, and can only review the case made before the court below and brought before us by the record. We cannot permit counsel to present to us by agreement a different case from that which was passed upon by the trial judge. He never had the original affidavit before him. He had only copies, whose correctness and accuracy neither side questioned at the time of the trial. If we should allow our action to be governed by the new facts set forth in the stipulation, we would be acting upon a new and original record made in this court long after the cause had left the control of the court whose proceedings we are asked to review.

The judgment of the Circuit Court is reversed and the cause is remanded to that court.

*Judgment reversed.*