# Carl Schwarze
## v.
## Charles Spiegel and Louis Isenberger.

*Negotiable Instruments — Note — Action on — Practice—Deposition—Motion to Suppress.*

1. A court in signing a bill of exceptions, and thereby making that which otherwise would not be, a part of the record, states only facts that have already, to the knowledge of the court, occurred; and it does not and can not make something which has not taken place, and which, so far as the court knows, may never take place, a part of the record.

2. It is not in the power of a court to allow parties by agreement among themselves, to make its record. The record, so far as a bill of exceptions is concerned, is that which the court makes, and parties can not, by an agreement between themselves incorporated into a bill of exceptions or otherwise, make that a part of the record of a cause which the court does not, upon its own knowledge, certify has already taken place.

3. The reading of a deposition upon the trial of a cause and the incorporation of it into the bill of exceptions, prepared for the purpose of showing what took place upon the trial, do not make it a part of the record which the court made upon a motion to suppress the same some weeks before.

4. In an action brought to recover upon a promissory note, the defendant pleading the general issue, and specially, breach of warranty as to quality, this court holds as proper the allowance in evidence of a part of the deposition of one of the plaintiffs, being an itemized bill covering the goods sold, that the objection that the same is not sworn to is not well taken, and declines to interfere with the judgment for the plaintiffs.

[Opinion filed July 30, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

In this action it appeared that the defendant below bought a bill of liquor of appellees for the total price of $1,104.12, paying therefor the sum of $300 in cash and making his two promissory notes, each for the sum of $402.06, dated October 22, 1888, and payable respectively in sixty and ninety days thereafter. Appellant received the liquors in April, 1888, and paid the $300 in cash at the time he gave the notes, namely, at their date. Appellant claimed that upon the receipt of the goods he placed them in store and did not make any examination so as to ascertain their kind or quality until some time after suit was brought on one of his notes. On the 13th of December, 1888, appellant wrote to Mr. Charles Spiegel the following letter:

"CHICAGO, Dec'r 13, 1888.

"MR. CHAS. SPIEGEL, ESQ.:

"As it is impossible for me to pay your note at the stipulated time, I would kindly ask you to extend the same for a short time as the certain N. N., of whom you are aware, has not appeared as yet, because his affairs will be only settled on January 12th in Berlin, otherwise I would have settled the matter long ago.

"Hoping you will grant my request, for which I will be thankful to you, I remain,

"Yours,

(Sgd.)    "CARL SCHWARZE."

And on January 23, 1889, appellant wrote this letter:

"CHICAGO, January 23, 1889.

"MESSRS. SPIEGEL & ISENBERGER,

New York City.

"One of the notes owing you, amounting to $402.06, I have paid to-day through my banking house, Wasmansdorff & Heineman. The other note still running and amounting to $402.06, which you promised me to extend, I ask you to renew and send to me for acceptance. The collections and conse-

quently also the business, are so bad generally as it has not been for years.

"Awaiting your early reply, I sign,

"Resp'y,

(Sd.)    "Carl Schwarze."

After suit was brought the defendant wrote as follows:

"Chicago, January 26, 1889.

"Messrs. Spiegel & Isenberger,

New York.

"Referring to my letter of 24th inst., in which I informed you that I only owe you one note amounting to $402.06, because the other, amounting to $402.06, was paid by me on the 23rd inst., I now beg to inform you respectfully, that I received yesterday through a deputy sheriff a summons from the Superior Court here, according to which you have sued me for the amount of $1,000, appearance to take place on the first Monday in February, 1889. Your last friendly letter, in which you declared yourself willing to extend the date of the above mentioned note of $402.06, made me think that we mutually understood each other, but I now see that I am treated by you in a manner which does not place your business in a good light. Either you take back at once the suit entered against me and send me *without delay* the above mentioned extended note for acceptance, or I must take other means for my justification resp. the upholding of my credit.

"Awaiting your *immediate* reply, I remain,

" Respectfully,

(Sd.)    " Carl Schwarze."

On the 5th day of February, 1889, appellant filed to the action of the plaintiffs his plea of the general issue, and also an affidavit by him made, that he verily believed he had a good defense to the suit upon the merits, to the whole of the plaintiffs' demands.

On the 22d day of May, appellant filed a special plea, setting forth that the note upon which suit was brought was given as a part of the purchase price of rum, gin, cognac and other liquors sold by appellees to him, which liquors appel-

lees warranted to be imported, of full proof and undiluted, and that the liquors sold were not imported, nor of full proof, nor undiluted, but were domestic liquors, of low proof and greatly diluted, and worth $600 only, wherefore the consideration of said promissory note sued on has wholly failed. The plaintiff replied denying that he warranted the goods and upon issue thus formed the cause was tried.

Appellant had before the institution of said suit, paid one of the promissory notes. The deposition of Charles Spiegel having been taken in said case, appellant on October 4, 1890, moved to suppress the same, which motion was overruled. The cause afterward coming on for trial, a jury was waived and the matter submitted to the court. The court found for the plaintiffs the sum of $447.84. A motion for a new trial was overruled, and judgment was entered on the finding, from which judgment this appeal was taken.

Messrs. KRAUS, MAYER & STEIN, for appellant.

Messrs. HOFHEIMER & ZEISLER, for appellees.

WATERMAN, J. The motion to suppress the deposition of Charles Spiegel, was made upon the following grounds:

"1. It does not appear that said Charles Spiegel resided or resides more than one hundred miles from the court house in said Cook County, or was at the time of the taking of his said deposition, or now is, a non-resident of said Cook County, Illinois. 2. No affidavit was filed in pursuance of Sec. 25 of the Act on Evidence and Depositions."

The bill of exceptions taken upon the overruling of said motion, does not show the deposition, but contains the following statement:

"All parties being present in open court, said motion to suppress said deposition came up for hearing, and in support thereof the defendant introduced the deposition of said Charles Spiegel, which deposition it was agreed, by and between counsel for said parties in open court, was and is the same deposition as that to be incorporated in the bill of exceptions of the proceedings at the trial of said cause."

A deposition of Charles Spiegel was afterward read upon the trial of said cause, but the reading of such deposition and the incorporation of it into the bill of exceptions prepared for the purpose of showing what took place upon the trial, do not make it a part of the record, which the court made upon the motion to suppress said deposition, more than a month prior to said trial.

A court in signing a bill of exceptions, and thereby making that which otherwise would not be, a part of the record, states only facts that have already, to the knowledge of the court, occurred, and it does not, and can not, make something which has not taken place, and which, so far as the court knows, may never take place, a part of the record. It is not in the power of a court to allow parties, by agreement among themselves, to make its record. Harding v. Brophy, 133 Ill. 39; Mooie v. Bolin, 5 Ill. App. 556. The record, so far as a bill of exceptions is concerned, is that which the court makes, and parties can not, by an agreement between themselves, incorporated into a bill of exceptions, or otherwise, make that a part of the record of a cause, which the court does not, upon its own knowledge, certify has already taken place. The bill of exceptions, therefore, filed October 6, 1890, made upon the overruling of the motion to suppress said deposition, fails to show what the deposition was, because the court at said date could not possibly know what deposition would be incorporated in the bill of exceptions of the proceedings of the trial, nor even that there would be any bill of exceptions whatever of such trial, or indeed, that there ever would be a trial of said cause. When the cause came on for trial, appellants did not then renew their motion to suppress said deposition, nor did they have incorporated in the bill of exceptions taken upon said trial, the statement that said deposition is the one, which, on October 4th, they had moved to suppress, and which is mentioned in the bill of exceptions filed October 6th.

The bill of exceptions taken upon the trial of the cause fails to show either the caption of the deposition, the certificate of the person taking the same, or the commission under which it was taken, or whether there ever was either caption,

certificate or commission; but, upon the trial no objection was made on account of the absence of either of these, or because of any want or insufficiency of notice of the taking of the same, and we can not, upon the record as presented to us, say whether any of the grounds upon which the motion to suppress was made, were, or were not well taken.

In this deposition Charles Spiegel, after testifying to the sale of the liquors, describing the same as whisky, Holland gin, sherry and prune juice, amounting to $1,004.12, said : "Herewith I offer an itemized bill of his account marked Exhibit 'A,' showing in detail the merchandise he purchased," to the reading of which Exhibit "A," as well as the introduction thereof in evidence, appellant then and there objected, and has assigned the overruling of his objection as error.

Exhibit "A" was not, as appellant's counsel seem to consider, introduced as a copy of the invoice furnished appellant, to produce which no notice had been given. The exhibit was merely a brief and expeditious way of stating the details of what the witness had already stated in gross—that is, it was the giving of a written statement by him of the items which went to make up the sum total of the purchase, a method of testifying in very frequent use, and concerning which the witness might have been interrogated as to every item, for the purpose of showing what recollection he had as to the numerous prices and items concerning which he in this way testified.

The objection made thereto, that the same is not sworn to, is not well taken, because the same is sworn to by the witness in his statement that it is an itemized bill of appellant's account, showing in detail the merchandise purchased, and in effect, he did testify that the contents of the exhibit are true and correct, whether he made use of that identical language or not.

As to the facts of the case, we see no reason for interfering with the conclusion arrived at by the court below. Hearing and seeing the witnesses, as it did, its opportunity for arriving at a correct conclusion was better than ours. It may be, as appellant testifies, that he did not examine and thereby ascertain the quality of these goods until a considerable time after

suit was brought, that is, as he says, until about March or April, 1889; but if so, we are at a loss to know upon what he predicated his solemn oath, made on the 28th day of January, 1889, that he had a good defense upon the merits, to the whole of this promissory note, which only five days before he had written concerning, asking that it might be extended, without making a hint of any defense he had thereto.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*