Flossie Moore

*v.*

The People of the State of Illinois.

*Filed at Ottawa November 29, 1893.*

1. Practice—*transcript of the record—necessary on writ of error.* Before this court can be called upon to review the judgment of a trial court, a transcript of such judgment must be certified to and be filed in this court, and the necessity of such transcript can not be waived by stipulation.

2. SAME—*mode of certifying transcript of record.* The only thing filed on writ of error in a criminal case was a certified copy of the indictment, and what purported to be a bill of exceptions, signed by the judge who tried the case, and which was in no other way authenticated or identified. Before the judge's certificate and signature was what purported to be a stipulation, signed by the State's attorney and the attorney for the defendant, that the original bill of exceptions filed in the case be incorporated in the transcript of the record used on the writ of error to be applied for, instead of a transcript of such bill, and that the cause be submitted to this court upon such bill of exceptions. No other record was filed and no convening order of the trial court was shown, and the only evidence tending to show that any judgment had been pronounced against the defendant, or its nature, was a recital in the bill of exceptions that the court overruled a motion for a new trial and rendered judgment upon the verdict: *Held,* that this was no proper certification to this court of the judgment sought to be reversed, and that the defendant having filed his brief, and submitted the cause without any record upon which this court could act, it could only dismiss the writ of error.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

Mr. C. W. DWIGHT, for the plaintiff in error.

Mr. M. T. MOLONEY, Attorney General, for the People.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

Flossie Moore was indicted in the Criminal Court of Cook county for the crime of robbery, and being tried, was found guilty, and her punishment was fixed by the jury at imprisonment in the penitentiary for the term of five years, and the Criminal Court, as is claimed, after denying her motion for a new trial, and also her motion in arrest of judgment, pronounced sentence upon her in accordance with the verdict. A writ of error has been sued out of this court by her, but no transcript of the judgment of the Criminal Court has been filed in this court.

A document has been filed here, consisting of a certified transcript of the indictment, and attached thereto is what

purports to be the defendant's bill of exceptions, bearing the certificate and signature of the Judge before whom the cause was tried. In no other way is the bill of exceptions authenticated or identified. Immediately preceding the Judge's certificate and signature, is what purports to be a stipulation signed by the state's attorney and the attorney for the defendant, "that the original bill of exceptions filed in said case be incorporated in the transcript of the record used on the writ of error to be applied for in said cause, instead of a transcript of said bill, and that this case shall be submitted to the Supreme Court upon the said bill of exceptions filed herein."

No other record is filed, and no convening order of the Criminal Court is shown, and the only evidence before us tending to show that any judgment or sentence has been pronounced against the defendant, or its nature, is a recital in the bill of exceptions, that the court, after hearing the motion of the defendant for a new trial, overruled the same, "and rendered judgment upon the said verdict." It is clear that this is no proper certification to this court of the judgment which the defendant seeks by her writ of error to have reviewed and reversed.

Before this court can be called upon to review the judgment of the trial court, a transcript of the judgment sought to be reviewed must be certified to and be filed in this court, and the necessity for such transcript can not be obviated or waived by stipulation. The defendant having filed her briefs and submitted her cause without any record upon which this court can act, our only proper course will be to dismiss the writ of error, and an order to that effect will accordingly be entered.

*Writ of error dismissed.*