LEWIS HARRIS *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 29, 1893.*

PRACTICE IN THE SUPREME COURT—*sufficiency of transcript of record
filed in this court.* The only copy of the record below, in a criminal
case filed in this court, consisted of a certified copy of the indictment,
attached to which was a paper purporting to be the original bill of
exceptions. The transcript showed no convening order of the trial
court, and it failed to bring up any of the orders or the final judgment.
In the bill of exceptions, just preceding the certificate of the judge,
appeared the draft of an unsigned stipulation that the original bill of
exceptions might be incorporated in the transcript of the record, to be
used on a writ of error, and that the case be submitted to this court on
the merits, and that all motions and orders be omitted, it being con-
ceded that all necessary motions and orders were made and entered :
*Held,* that even if the unsigned paper could be treated as a stipulation,
the transcript of the record was so incomplete as to require a dismissal
of the writ of error.

WRIT OF ERROR to the Criminal Court of Cook county ; the
Hon. E. F. DUNNE, Judge, presiding.

Mr. C. W. DWIGHT, for the plaintiffs in error.

Mr. M. T. MOLONEY, Attorney General, for the People.

Per Curiam: In this case an indictment was returned in the Criminal Court of Cook county, against Lewis Harris and Henry Williams, charging them, in the first count, with larceny, and in the second count, with receiving stolen goods. At the trial they were convicted of the last mentioned offense, and their punishment was fixed at imprisonment in the penitentiary for the term of five years each.

The only record of the proceedings of the court below filed in this court consists of a certified copy of the indictment, attached to which is a document which purports to be the original bill of exceptions taken by the defendants at the trial. The transcript shows no convening order of the Criminal Court, nor does it bring up any of the orders or the final judgment of that court. In the bill of exceptions, immediately preceding the certificate and signature of the trial judge, appears the draft of a stipulation, but not signed by either the State's attorney nor by any one on behalf of the defendants, that the original bill of exceptions might be incorporated in the transcript of the record, to be used on writ of error, "and that this cause shall be submitted to the Supreme Court upon the said bill of exceptions filed herein, and that all motions and orders entered herein shall be omitted, it being conceded that all necessary orders and motions were made and entertained by the court in due form, and that the case shall be submitted on its merits to the Supreme Court, as they appear from the bill of exceptions."

Even if the foregoing unsigned document can be treated as a stipulation,—which we greatly doubt,—this case is in all essential respects identical with that of *Moore* v. *The People, ante,* p. 48, and in which an opinion directing a judgment dismissing the writ of error is filed simultaneously with this. For the reasons stated in that opinion, the writ of error in this case will in like manner be dismissed.

*Writ of error dismissed.*