# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE EAST ST. LOUIS ELECTRIC RAILWAY COMPANY

*v.*

JENNIE STOUT.

*Filed at Mt. Vernon April 2, 1894.*

1. EXCEPTIONS—*preserving in the record.* Where no exception is preserved to the ruling of the court in the giving, refusing or modifying of instructions, or in overruling the motion for a new trial, the assignments of error questioning such rulings will not be before this court for consideration.

2. SAME—*whether limited to the judgment, or extended to embrace motion for a new trial.* The language of a bill of exceptions was as follows: "But the court overruled the motion" (for new trial) "and rendered judgment in accordance with the finding of the jury, to the rendition of which judgment the defendant then and there excepted:" *Held,* that the exception did not embrace the ruling on the motion for a new trial, but expressly limited the exception to the entry of the final judgment.

3. NEW TRIAL—*overruling motion—exceptions.* The statute (sec. 61, chap. 110,) gives the right to assign error upon the decision of the court overruling motion for new trial, only in case the party has excepted to such decision.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Messrs. COCKRELL & MOYERS, for the plaintiff in error:

There is no doubt but that the exception was intended to apply to the ruling of the court on the motion for a new trial. *Martin* v. *Foulke*, 114 Ill. 206; *Graham* v. *People*, 115 id. 566; *Insurance Co.* v. *Peck*, 126 id. 494; *Gould* v. *Howe*, 127 id. 251; *Steffy* v. *People*, 130 id. 98.

Mr. JESSE M. FREELS, and Mr. A. FLANIGAN, for the defendant in error:

Our Supreme Court has repeatedly held that "a party, to avail himself of an exception to a decision of the circuit court, must take the exception at the time the decision is made, and that the bill of exceptions must affirmatively show that it was taken at that time." *Dickhut* v. *Durrell*, 11 Ill. 84; *Allen* v. *Payne*, 45 id. 340; *Winslow* v. *Newlan*, id. 147; *Deitrich* v. *Waldron*, 90 id. 115; *Nathan* v. *Bloomington*, 46 id. 347; *Railroad Co.* v. *Miller*, 55 id. 448; *Ritchey* v. *West*, 23 id. 385; *Hake* v. *Strubel*, 121 id. 326; *Parsons* v. *Evans*, 17 id. 238; *Swafford* v. *Dovenor*, 1 Scam. 167; *Pomeroy* v. *Bank*, 1 Wall. 599; *Railway Co.* v. *Wolf*, 137 Ill. 361.

Said third and fourth alleged errors are, therefore, no errors under the law in this case, and can not be considered by this court. *Hill* v. *Ward*, 2 Gilm. 292; *Dickhut* v. *Durrell*, 11 Ill. 84; *Railroad Co.* v. *Modglin*, 85 id. 482; *Steffy* v. *People*, 130 id. 101; *Railroad Co.* v. *Garish*, 39 id. 371; *Hake* v. *Strubel*, 121 id. 326; *Parsons* v. *Evans*, 17 id. 238; *Swafford* v. *Dovenor*, 1 Scam. 167; *Wright* v. *Wheeler*, 55 Ill. 528; *Grimes* v. *Butt*, 65 id. 350; *Trustees* v. *Misenheimer*, 89 id. 151; *Buckmaster* v. *Cool*, 12 id. 76.

Per CURIAM: This was an action for personal injury of defendant in error, resulting, upon trial by jury, in a verdict for

defendant in error of $1000, and judgment accordingly. On appeal to the Appellate Court this judgment was affirmed, and the railway company prosecutes this writ of error.

The assignment of error questioning the rulings of the court on the admission of evidence has been abandoned in argument, and need not be considered.

No exception was preserved to the ruling of the court in the giving, refusing or modifying of instructions, or in overruling the motion for a new trial, and the assignments of error questioning such rulings are not, therefore, before us for consideration. *Martin et al.* v. *Foulke et al.* 114 Ill. 206; *Graham* v. *People*, 115 id. 566; *Fireman's Ins. Co.* v. *Peck*, 126 id. 494; *Gould* v. *Howe*, 127 id. 251; *Steffy* v. *People*, 130 id. 98.

A motion for new trial was made and overruled, and it is insisted, with earnestness, that the subsequent exception to the rendition of the judgment should be held to apply. We are unable to agree with counsel that the order overruling a motion for new trial and the subsequent entry of judgment are so intimately connected that an exception to the entry of the latter should be held to apply to the former. Indeed, the bill of exceptions expressly limits the exception to the entry of the judgment. The language is: "But the court overruled the motion" (for new trial) "and rendered judgment in accordance with the finding of the jury, *to the rendition of which judgment the defendant then and there excepted.*" The statute (sec. 61, chap. 110,) gives the right to assign error upon the decision of the court overruling motions for new trial, only in case the party has excepted to such decision. *East St. Louis Electric Railway Co.* v. *Cauley*, 148 Ill. 490.

No error is pointed out in the rendition of the judgment, and none is apparent, and nothing else having been excepted to at the trial, it follows that the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*