Mosher v. Scofield.

## Ira G. Mosher v. David Scofield.

1. Bills of Exception.—*Improper Forms—"Here Insert," etc.*—A bill of exceptions in which documentary evidence, instructions, and motion for a new trial are referred to in such language as "here insert," etc., etc., is insufficient.

2. Practice—*Courts of Review Act upon the Record of the Court*

*Below.*—In the trial courts, evidence is admitted and facts are established; parties may stipulate as they please as to facts; may agree to use copies instead of originals; for the parties are bringing before the court that which may become a part of the record. The Appellate Court is not a *nisi prius* court; it is vested with appellate jurisdiction only, and can not render binding judgments upon the stipulations of parties as to what the evidence was in the court below; it acts only upon the record of the court from which the appeal is taken.

3. SAME—*Province of the Appellate Court.*—The Appellate Court passes upon the alleged errors of the courts below, which errors must be shown by their records, and can not be made to appear by stipulation of the parties.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; on appeal from a justice of the peace; the Hon. FRANK BAKER, Judge, presiding. Trial by jury, verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

LEVI SPRAGUE, attorney for appellant.

M. D. FLAHERTY, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The bill of exceptions in this record fills pages 21 to 47 inclusive.

In that bill when documentary evidence, instructions and motion for new trial are referred to, the language is, "here insert lease;" "here insert instructions for the plaintiff;" "here insert instructions given for the defendant;" "here insert refused instructions;" "here insert reasons filed."

None of the writings are in the bill itself, but copied by the clerk, are, before the bill, what may have been the "reasons," and after the bill, what may have been the other papers.

On such a record we can only affirm the judgment. Legnard v. Rhodes, 51 Ill. App. 477, and a multitude of cases which can be found by tracing back from that.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT UPON A PETITION FOR REHEARING.

In a petition for rehearing filed in this cause our attention is called to a number of authorities bearing, it is said, upon the practice under which this case was disposed of.

Mosher v. Scofield.

It is always an ungracious task to dispose of a cause otherwise than upon its merits. Established rules of procedure must be observed and neither this court nor any other can ignore the existence of forms essential to the orderly and uniform administration of justice.

In the case of Brooks v. Bruyn, 40 Ill. 64, by suggestion of the court the parties, to avoid a continuance, were permitted to stipulate that a deed admitted in evidence, but inadvertently copied by the clerk in a portion of the record other than the bill of exceptions, might be considered as a part of the bill of exceptions.

In that case, before the cause was heard, a motion was made to continue the same in order that appellee might apply to the court below to correct the bill of exceptions. No such motion was made in this case.

The case of Garrick v. Chamberlain, 94 Ill. 588, was, as appears from the report of the same cause in 97 Ill. 620, a proceeding in chancery. In chancery practice, unless in cases where an issue is sent to a court of law to be tried, there is no such thing as a bill of exceptions. Ex parte Story, 12 Pet. 343.

Where witnesses are orally examined at the hearing, a certificate of the evidence so heard, may be made by the chancellor. At law it is necessary, if one is upon appeal, to rely upon errors in the admission or rejection of evidence or its insufficiency, that it be preserved and made a part of the record by a bill of exceptions. In chancery the evidence upon which the cause is heard is a part of the record.

In Garrick v. Chamberlain, 94 Ill. 588, what was a part of the record had been written in the wrong place; what the court did in that case was therefore to disregard such irregularity; the expression "bill of exceptions" was doubtless inadvertently used, certificate of evidence being meant. The judgment in the case at bar was affirmed, not alone because appellant, having filed in writing the "reasons" upon which his motion for a new trial was heard, such "reasons" were not preserved in the bill of exceptions, but also because by the bill itself it appeared that a portion of the evidence

upon which the cause was heard, as well as the instructions given and refused, were not in the bill of exceptions; no error appearing in the common law record, this court could not do otherwise than affirm.

Instructions are in this case certified, here, by the clerk; but that is insufficient. Chicago, Milwaukee & St. Paul, Ry. Co. v. Yando, 127 Ill. 214.

The bill of exceptions in the present case and the clerk's certificate as to instructions is like that in Liverpool, London & Globe Ins. Co. v. Sanders, 26 Ill. App. 559, in which case the court hold that instructions can be preserved in the record only by embodying them in the bill of exceptions, and that the copying of them by the clerk does not make them a part of the record.

It is also urged in the present case that the parties having stipulated that the copy of the lease attached to the appellant's bill of exceptions is a true copy of the original lease introduced in evidence on the trial of the cause, the copy so brought here shall, upon the authority of Brooks v. Bruyn, be here considered.

In trials at *nisi prius*, evidence is admitted; facts are established; the parties may stipulate as they please as to facts; may agree to use copies instead of originals; for the parties are bringing before the court that which may thereafter become a part of the record. The Appellate is not a *nisi prius* court; it is vested with appellate jurisdiction only; it can not render binding judgments upon the stipulations of parties as to what the evidence was in the court below; it acts only upon the record of the court from which an appeal is taken.

This court passes upon alleged errors of courts, which errors must be shown by their records and can not be made to appear by stipulation of parties. Schwarze v. Speigel, 41 Ill. App. 351; Moore v. Bolin, 5 Ill. 556; Harding v. Brophy, 133 Ill. 39; Crull v. Keever, 17 Ill. 246; Stock Quotation Co. v. Chi. Board of Trade, 144 Ill. 370; Moore v. The People, 148 Ill. 48; Harris v. The People, 148 Ill. 96; East St. Louis Electric Ry. Co. v. Stout, 150 Ill. 9.

The petition for rehearing is denied.