**Troy Laundry Machinery Company, Limited, v. Chris Kelling, William H. Fitzgerald, Trustee, County of Cook, Clark, Raffen & Co., August Kelling, Peter Thorsen, Frederick Sommers & Co., Grusendorf, Ott & Co., Holland Bros., and Herman Kirchoff.**

1. APPELLATE COURTS—*An Appellate Tribunal Only.*—The Appellate Court has no power to render judgment upon what is presented merely as a state of facts agreed to by the parties. It reviews not the argu-

ments or acts of individuals or litigants as such, but is vested with authority and sits only to review the judgments and orders of courts of record.

2.  SAME—*A Court of Review—Records.*—Its province is to determine the correctness of the holdings of the court below.  There must always be presented, to give it jurisdiction, the record upon which the court below acted.  It is not sufficient for parties to stipulate what the record below was or what the record for this court shall be.

3.  RECORDS—*Can Not be Made by Stipulation.*—A record for the Appellate Court can not be made by stipulation of the parties.

**Memorandum.**—Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding.  Heard in this court at the October term, 1894, and affirmed.  Opinion filed January 10, 1895.

WEIGLEY, BULKLEY & GRAY, attorneys for appellant.

BLACK & FITZGERALD, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The record which in this case we are asked to review, is largely composed of an abstract of pleadings and evidence in chancery, upon which, in connection with a master's report, a decree was rendered in the Superior Court.

We find a stipulation of the parties that the clerk of the Superior Court in making up the transcript of the record in this cause for the purpose of appeal to the Appellate Court may include therein " The abstract of the pleadings and evidence taken before the master in chancery, hereto attached, in lieu of the complete copy of the pleadings and evidence."

In the Superior Court, as in all *nisi prius* courts, parties are at liberty to stipulate as they see fit concerning evidence and pleadings upon which no judgment of the court has been pronounced.

It is upon the pleadings and evidence made and introduced by the parties that *nisi prius* courts pass judgment.

The Appellate Court is not a *nisi prius* tribunal.  It has appellate jurisdiction only; it has no power to render judgment upon what may be a real, but is presented merely as a

state of facts agreed to by the parties; it reviews not the arguments or acts of individuals or litigants, as such, but is vested with authority and sits only to review the judgments and orders of courts of record.

We are here, not, in the first instance, to say what the agreements, rights or obligations of parties are, but whether the court below correctly held in respect to such matters.

As a consequence there must always be presented, to give this court jurisdiction, the record upon which the court below acted, and it is not sufficient for the parties to agree what the record below was or what the record for this court shall be.

The views, here expressed, have been recently set forth in the case of Mosher v. Scofield, Ill. App., opinion filed December 20, 1894.

To that case and to Harding v. Brophy, 133 Ill. 39-44; Moore v. Bolin, 5 Ill. App. 556; Plumleigh v. White, 4 Gilm. 387; Corwell v. Keene, 17 Ill. 246; Schwarze v. Speigel, 41 Ill. App. 351; Stock Quotation Co. v. Chicago Board of Trade, 144 Ill. 370; Moore v. The People, 148 Ill. 48; Harris v. The People, 148 Ill. 96; East St. Louis Electric Ry. Co. v. Stout, 150 Ill. 9; and Elliott on Appellate Procedure, Secs. 186 and 187, we call the attention of the parties to this cause, and all others who may desire to, by stipulation, make a record for this court to act upon.

The judgment of the Superior Court is affirmed.