The Troy Laundry Machinery Company, Limited,

*v.*

Chris Kelling *et al.*

*Filed at Ottawa October 11, 1895.*

1. Appeals and errors—*proper judgment of Supreme Court on question as to sufficiency of record.* Error of the Appellate Court in its decision that the record was insufficient to present a cause upon its merits in that court, would, upon further appeal to the Supreme Court, call only for a reversal of the Appellate Court's judgment and the remanding of the cause to that court for further proceedings, and not for a consideration of the case on its merits.

2. Same—*on incomplete record the Appellate Court may affirm judgment.*
The Appellate Court may affirm a decree of the trial court, on bill
of interpleader, where the record filed is incomplete, containing, by
agreement of parties, only an *abstract* of the pleadings and evidence,
although, in its discretion, that court might have dismissed the
appeal instead of affirming the judgment.

*Troy Laundry Machinery Co.* v. *Kelling,* 57 Ill. App. 210, affirmed.

Appeal from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. Philip Stein, Judge,
presiding.

Weigley, Bulkley, Gray & Eastman, for appellant:

If the pleadings and evidence did not sustain the
decree it should have been reversed.    There is no pre-
sumption in favor of a decree in chancery, such as exists
in favor of a judgment at law.    This is a well settled
proposition, decided many times by this court.    *Linton* v.
*Anglin,* 12 Ill. 283; *Ryan* v. *Sanford,* 133 id. 298; *Quigley* v.
*Roberts,* 44 id. 503; *White* v. *Morrison,* 11 id. 361; *Brooks*
v. *Martin,* 64 id. 389; *Eaton* v. *Sanders,* 43 id. 435; *Waugh* v.
*Robbins,* 33 id. 181; *Nichols* v. *Thornton,* 16 id. 113; *Mason* v.
*Bair,* 33 id. 194.

Black & Fitzgerald, for appellees.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a decree of the Superior Court
of Cook county, decreeing that William H. Fitzgerald is
entitled to a fund of $1831, with interest, etc., brought
into court by the county of Cook under a bill of inter-
pleader, to be held and distributed by him as trustee for
certain creditors of appellee Chris Kelling.    The decree
was entered upon the report of the master in chancery,
to whom the cause had been referred to take the proofs
and report upon the issues of law and fact involved
therein.    This appellant appealed to the Appellate Court
for the First District, but instead of bringing up a com-

plete transcript of the record in the Superior Court presented to the clerk an agreement of parties, stipulating, among other things, that he might include in the record an abstract of the pleadings and evidence taken before the master in chancery, attached to the agreement, in lieu of a complete copy of the pleadings and evidence, and the clerk, in conformity with the stipulation, copied only such abstract.   The Appellate Court held, on that imperfect record the decree of the Superior Court should be affirmed, and declined to consider the various points raised by counsel in their argument.   This appeal is prosecuted upon the same record, and it is assigned for error that the Appellate Court failed and refused to consider and pass upon the record of the court below.

Appellant seems to argue the case here upon the supposition that although we should reverse the decision of the Appellate Court as to the sufficiency of the record, we would nevertheless pass upon the merits of the case. That would amount, practically, to ignoring the statute, which requires all appeals and writs of error, in such cases, to be taken first to the Appellate Court.   If we should find that the Appellate Court erred in its decision as to the sufficiency of the record to present the cause upon its merits in that court, it would be our duty to reverse its judgment of affirmance and remand the cause to it for further proceedings.   What has been said upon this point, however, is of importance only as indicating a rule of practice, for we are clearly of the opinion that upon the record as filed in the Appellate Court, and re-filed here, no other than a judgment of affirmance could be properly entered.   It is not pretended that this is in any sense an agreed case, as is provided for in section 74 of the Practice act.   The Appellate Court was asked, as we are, to review the entire record, and determine whether or not the Superior Court committed reversible error in its decree, and yet there is presented to us only a part of the proceedings in that court.   The rule is

universal, that in a court of review every presumption will be indulged in favor of the regularity of the proceedings in the court below, and it must follow that where the whole evidence submitted upon the trial or hearing is not presented to the court upon appeal, authenticated under the seal of the proper clerk, the Appellate or Supreme Court can do no less than presume that the omitted evidence was sufficient to sustain the decision below.    The Superior Court did not decide this case upon a mere abstract of the pleadings and evidence, but upon all the pleadings and all the evidence.    How can we say, or how could the Appellate Court say, looking merely at an abstract of the pleadings and evidence, it made a wrong decision?    We said in *Harding* v. *Brophy*, 133 Ill. 39, (on p. 44): "We are a court of review, and can only review the case made before the court below and brought before us by the record.    We cannot permit counsel to present to us, by agreement, a different case from that which was passed upon by the trial judge."    *Moore* v. *People*, 148 Ill. 48; *Harris* v. *People*, id. 96.

Counsel for appellant insist that the Appellate Court, finding the record insufficient, should have dismissed the appeal, instead of affirming the decree of the Superior Court.    The most that can be said in support of this contention is, that such an order might have been entered, in the discretion of the court.    (*VanMeter's Heirs* v. *Lovis' Heirs*, 29 Ill. 488.)    There is nothing here to show that it was asked to exercise that power.    Neither could we have said there was an abuse of discretion if it had refused to do so.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*