## John Duffy v. Mary Leavitt, Executrix, etc.

1. PAYMENT—*Burden of Proof.*—Under a plea of payment the burden of proof rests upon the defendant.

2. EVIDENCE—*Face of a Promissory Note Does Not Include Indorsements.*—When the bill of exceptions sets out in full what was offered and does not include the indorsements, the offer of a note in evidence by the plaintiff does not, by implication, include the indorsements upon it.

3. WAIVER—*Errors Assigned but Not Argued.*—Errors assigned but not argued are to be considered as waived.

4. PRACTICE—*The Judge Alone Can Certify What Exceptions Are Taken Before Him.*—It is not within the clerk's province to show exceptions by defendant to the giving and refusal of instructions; the judge alone can certify what exceptions were taken before him.

Assumpsit, on a promissory note. Trial in the Circuit Court of Bureau County; the Hon. HARVEY M. TRIMBLE, Judge, presiding. Verdict and judgment for plaintiff ; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

DUNCAN & DOYLE, attorneys for appellant.

OWEN G. LOVEJOY, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Mary Leavitt, as executrix of the last will of Edward Leavitt, deceased, brought this suit against John Duffy. Her declaration contained the common counts. Defendant pleaded non-assumpsit, the statute of limitations and payment in full, and filed a notice of set-off. Issues were joined; trial was had, and plaintiff obtained a verdict for $2,112, and had judgment thereon. This is an appeal by defendant therefrom.

The proofs, offered by both plaintiff and defendant, showed that deceased loaned defendant $2,000 in January, 1888, and took his note therefor, due in six years, with interest at five per cent per annum, payable annually, and that said note remained in the possession of the deceased during his life time, and passed into the possession of plaintiff after his death. Plaintiff was the widow and sole devisee

of said Edward Leavitt, deceased, and was about seventy years of age. Plaintiff testified she formerly had the note, and at the trial did not have it, and did not know where it was, but thought her attorney had it. Other proof clearly showed, however, that the note had been destroyed, and a copy made, and that plaintiff was unable to read or write, and did not know the difference between the original and a copy. Defendant testified that plaintiff herself tore up the note and threw the pieces on the floor; that he directed her to pick up the pieces, and she did so, and threw them into the fire and they were destroyed. Further on in his testimony he stated that after plaintiff picked up the pieces he called in his daughter and caused her to draw another note from the pieces with the indorsements, and that he signed the new note, and that afterward plaintiff burned up the pieces. Defendant's daughter testified that she came into the room, saw the old note in pieces, and by direction copied out a new note from the pieces of the old. She testified there were indorsements on the old note, part of which she had written by direction of the parties when payments had theretofore been made, and that in copying the indorsements upon the back of the new note, if there was anything she was doubtful about on the old note she took her father's book, containing an account of this matter with Leavitt, and made the indorsements correspond thereto. This account book was not in evidence, and the daughter did not, of her own knowledge, know it was correct, but had made all the entries therein in the absence of the plaintiff and deceased, and had set down what her father, the defendant, directed. The daughter was not present either when the note was torn up or when it was burned, and did not know who tore it nor who burned it. Mrs. Leavitt denied she ever tore up or burned the note. If she did not, then the inference from the evidence would be that defendant tore up the note and then repented and drew another note to repair the mischief. The jury believed Mrs. Leavitt, and we are not disposed to reverse their conclusion upon this question of fact. We can not say another jury would determine it differently with plaintiff and defendant the only witnesses.

Defendant offered in evidence the new note, and argues the court below erred in sustaining an objection thereto. We think there was sufficient evidence to justify the admission of the face of the new note, but the refusal did defendant no harm, for the face of the note was not in dispute, and its admission would have made for plaintiff and not for defendant. There was no controversy as to the terms of the note, nor that the plaintiff was the legal owner thereof. The litigated question was whether it had been paid, upon which question the burden of proof rested upon the defendant. Defendant did not offer the indorsements upon the back of the new note, which alone might have been important in aiding to establish his defense. It can not be contended that the offer of the note by implication included the indorsements. The original bill of exceptions merely stated that the note was offered, and did not set out a copy of it as offered. An amendment to the bill of exceptions was afterward made and filed here, which sets out in full a copy of what was offered, and it was the face of the note only. The indorsements are not in the record. We are not called upon to determine whether the indorsements so written by defendant's daughter upon the new note would have been competent testimony for defendant if he had offered them.

It was urged it was error to refuse to permit defendant to answer certain questions as to dealings between himself and deceased after plaintiff had testified to certain conversations between defendant and deceased. But plaintiff's testimony only restored defendant's competency as to the conversations which she narrated, while the questions to which objections were sustained were not confined or directed to those conversations, but were general as to his dealings, and the ruling was therefore correct.

Error is assigned upon the action of the court upon instructions. This assignment is not argued, and is therefore waived. Moreover, the bill of exceptions does not show any exception to such rulings. The clerk, in writing his record, has undertaken to show exceptions by defendant to the giving and refusal of instructions, but this is not

within the clerk's province. The judge alone can certify to us what exceptions were taken before him. Martin v. Foulke, 114 Ill. 206; Gould v. Howe, 127 Ill. 251; Electric Railway Co. v. Stout, 150 Ill. 9.

It is urged it can not be seen from the evidence how the jury arrived at a verdict for $2,112. Plaintiff testified her husband had been dead three years; that only interest had been paid upon the note, and that none had been paid for the last two years. She also testified to certain dealings between herself and defendant. The interest accumulating from Leavitt's death to the trial would be about $300. Defendant and his daughter claimed $180 was paid after the new note was executed, and that it was indorsed thereon; but as already shown defendant did not offer said indorsement. The jury allowed $112 for interest. Plaintiff testified no part of the principal was paid. Defendant testified the principal had been paid and overpaid. Though his daughter had seen several payments made, she did not testify to any amount except said $180. The jury believed plaintiff. If her testimony is true the verdict was not too high. The proofs on both sides are in an unsatisfactory condition, but we can not say the jury should have found for defendant, nor should have found a less sum due plaintiff, nor that another jury would do so upon the same proof. We find no error in the record and the judgment will be affirmed.