ISAAC DEAN

*v.*

CAROLINE P. FORD.

*Opinion filed June 21, 1899.*

1. APPEALS AND ERRORS—*presumptions are in favor of decree in absence of complete record.* Where the findings of a foreclosure decree fully sustain the averments of the bill, and it is apparent that evidence was heard and preserved in the record which is not contained in the transcript, it will be presumed, on appeal, that the omitted evidence was sufficient to sustain the decree.

2. VARIANCE—*objection that deposition was not signed must be made below.* An objection that a deposition was not signed nor the signature of the witness waived cannot be first raised on appeal.

3. EVIDENCE—*when proof of execution of notes is not necessary on foreclosure.* Proof of the execution of notes is not necessary on foreclosure, in the absence of a sworn answer denying their execution.

*Dean* v. *Ford,* 79 Ill. App. 237, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

CHARLES PICKLER, for appellant.

E. F. GORTON, and GEORGE W. BROWN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from a decree of foreclosure by trust deed, based upon the master's report and evidence taken before him. The master's report shows that there was offered in evidence a principal promissory note, seven interest notes thereto attached, and the trust deed, describing each of them fully, and they were marked as exhibits, returned with the report and made a part thereof. None of these exhibits appear in the record. The record is certified to be a true, perfect and complete transcript of the record as per *præcipe* filed February 28, 1898, and that *præcipe* directs the clerk to show in the transcript, among other things, the master's report.

Among the errors argued by counsel, the insufficiency of the evidence to sustain the decree is urged. The findings of the decree fully sustain the averments of the bill. It is evident that evidence was heard and preserved in the record which is not contained in the transcript, and it must be presumed that it would be sufficient to sustain the decree. It was held in *Culver* v. *Schroth,* 153 Ill. 437: "Upon well established principles it must be held that, in the absence of a complete record, the decree of the circuit court will be supported by every reasonable intendment and presumption. Accordingly, if there are errors apparent upon the face of the fragmentary record before us, and there may be, upon any reasonable hypothesis, other portions of the record by which those apparent errors may be obviated or cured, it will be presumed, in support of the decree, that such portions of the record exist and have been omitted. In view of these presumptions it is, to say the least, doubtful whether any questions can arise upon such record which a reviewing court

can be called upon to consider." This court, as a court of review, can only review the case made before the court below and brought before us by the record. Counsel can not be permitted, by agreement, to present a different case from that which was passed upon by the trial judge, and when the Appellate Court has before it a record which is incomplete, and its incompleteness appears from the record itself, and there was evidence which does not appear in the transcript, we cannot consider a different case from that before the trial court or the Appellate Court. *Troy Laundry Machinery Co.* v. *Kelling*, 157 Ill. 495.

It is objected there is no evidence as to the reasonableness of the solicitor's fee of $522.84 allowed by the master and found by the court. It appears it was shown that it was a usual and customary fee and was reasonable.

Other objections are presented as to a variance between the evidence and the decree, and that the deposition of the witness Gorton was not signed nor was his signature waived. It does not appear, however, such objections were made before the master or the trial court, and they cannot be raised in an appellate tribunal for the first time. It appears the master reported the evidence to the court without the deposition of the witness, and such a report would be sufficient if not objected to.

It is further objected that the execution of the notes was not proved. It is not requisite that such proof should be made in the absence of a sworn answer denying their execution.

It does not appear that there was any error in the decree of the trial court or in its affirmance by the Appellate Court for the First District. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*