WILLIAM SHOWALTER *et al.* v. JOHN M. RICKERT.

No. 12,274. (67 Pac. 454.)

SYLLABUS BY THE COURT.

STATUTE OF ANOTHER STATE—*Pleading.* In pleading a statute of another state, it is sufficient to set out the substance of its provisions.

Error from Sumner district court; W. T. McBRIDE, judge. Opinion filed January 11, 1902. Affirmed.

*Cleo D. Burnette,* and *C. E. Elliott,* for plaintiffs in error.

*W. W. Schwinn,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: In an action on an account to recover for the board and clothing of a daughter of the de-

fendant in error, commenced in November, 1899, the latter pleaded in his answer, as follows ·

"The pretended cause of action set out in plaintiff's petition arose in the state of Texas, . . . and if the plaintiffs had any cause of action for the maintenance of said little girl it was complete in June, 1894, in the state of Texas, and the defendant has been present in the state of Texas for more than two years since the death of said little girl, and since said pretended cause of action arose ; and said pretended cause of action is fully barred by the provisions of article 3203, on page 115 of volume 2 of Sayles's Texas Civil Statutes of 1888, by the terms of which statute all actions for the recovery of money on a contract, express or implied, not in writing, are barred in two years after the cause of action arose, and is not saved by the provisions of article 3216 of volume 2 of said Civil Statutes ; that the two sections above mentioned are the only statutes of the state of Texas bearing on the question of limitation as affecting this case, and the plaintiff's pretended cause of action was barred long before the bringing of this action."

A demurrer filed by the plaintiffs below to the above paragraph of the answer was overruled.   They elected to stand on the demurrer, and have brought the case here for review.

The contention is that the statute of Texas, in the manner it is pleaded, constitutes no defense to the claim of plaintiffs below ; that a mere conclusion is stated, and not the language of the statute or its substance.   We do not agree with counsel in this.   Statutes of other states are to be pleaded and proved as other facts.   We held, in *Watt v. Jones*, 60 Kan. 201, 56 Pac. 16, that in pleading city ordinances, which, it was said, stood on the same footing with the laws of other states, their language must be quoted, or the substance of their provisions stated.   We think the

pleading set forth the substance of the Texas statute. (*Minneapolis Harvester Works v. Smith*, 36 Neb. 617, 54 N. W. 973; *Schluter v. Bowery Savings Bank*, 117 N. Y. 125, 22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494.)

In *Berney v. Drexel*, 33 Hun, 34, the complaint alleged that one Berney died, domiciled and residing in France, leaving the plaintiffs, who were his widow, nephews, and nieces, and that he left a will. It was pleaded that "under and by virtue of the laws of France, where the testator had his domicile, the title to all the personal property of which said testator was possessed at the time of his decease vested immediately thereafter in the plaintiffs, other than the widow." This was held not to be an allegation of a legal proposition or conclusion, but a statement of fact under which the plaintiffs might prove the laws of France.

Here, the defendant below refers to the page and volume of the Texas laws, and, more than this, expressly avers the substance of the statute relating to the limitations of actions. See *Consolidated Tank Line Co. v. Collier et al.*, 148 Ill. 259, 35 N. E. 756, 39 Am. St. Rep. 181.

The view we have taken renders it unnecessary to consider the other errors assigned. The judgment of the court below will be affirmed.

DOSTER, C. J., JOHNSTON, GREENE, JJ., concurring.