STOCK QUOTATION TELEGRAPH COMPANY

*v.*

BOARD OF TRADE OF CITY OF CHICAGO.

*Filed at Ottawa, January 19, 1893.*

1. PRACTICE — *exceptions — when taken.* A plaintiff can not avail of an error in giving an instruction to the jury to find for the defendant, unless he has excepted to the instruction in the trial court. An objection to an instruction made for the first time in this court comes too late.

2. SAME — *directing what the verdict shall be.* . If the plaintiff fail to introduce in evidence the contract upon which the suit is brought, he can not recover, and there will be no error to instruct the jury to find for the defendant.

3. SAME — *stipulation as to evidence — bill of exceptions.* Parties have the right to stipulate, before the bill of exceptions is signed, what evidence was introduced before the jury, and the evidence so agreed upon may be incorporated into the bill of exceptions, and all evidence thus incorporated in the bill, when signed by the judge, will become a part of the record.

4. BILL OF EXCEPTIONS — *right of parties to change.* Any matter embodied in the bill of exceptions under the seal of the court is a part of the record, and the parties have no right to change or add to the record of the court by stipulation, and if they do, such matters can not be regarded by this court.

APPEAL from the Appellate Court for the First District ; — heard in that court on appeal from the Circuit Court of Cook county ; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. GOGGIN & WINSLOW, for the appellant.

Mr. A. W. GREEN, for the appellee.

Per CURIAM: This was an action brought by the Stock Quotation Telegraph Co. against the Board of Trade of the City of Chicago to recover damages for the breach of an alleged contract, whereby the defendant agreed to furnish the plaintiff market quotations for transmission to certain correspondents. It was alleged in the declaration that the defendant did wrongfully and injuriously cause and procure the disconnection of the telegraph wire running from defendant's place of business in Chicago to plaintiff's office in Chicago, which said wire was used by defendant to transmit and send to plaintiff said market reports, whereby the plaintiff was unable to get the market quotations, by reason whereof the plaintiff was grievously and seriously injured to its damage, etc.

To the declaration the defendant pleaded not guilty, and on a trial before a jury the court instructed the jury to find for the defendant, which was done, and the court rendered judgment on the verdict, which judgment was affirmed in the Appellate Court. It is insisted that the court erred in instructing the jury to find for the defendant. Upon looking into the record it will be found that no exception was taken to the giving of the instruction by the plaintiff. If the plaintiff thought the instruction was erroneous, and desired to question its correctness on appeal, it could only do so by excepting to the instruction in the Circuit Court. The rule is well established that an objection to an instruction made for the first time in this court comes too late and will not be considered. *Harbaugh* v. *City of Monmouth*, 74 Ill. 367.

But waiving the fact that no exception was made to the instruction in the Circuit Court, as the appellant's case is pre-sented by this record, we perceive no ground upon which the judgment can be reversed.   The plaintiff's action is predicated upon a written contract, which purports to have been executed by and between the plaintiff and defendant September 1, 1886. As that contract was the foundation of the action, unless it was read in evidence at the trial, and unless that fact appears from the record, the plaintiff could not recover and the court very properly instructed the jury to find for the defendant.   Upon looking into the record, it appears from the bill of exceptions that the plaintiff offered and read in evidence a contract be-tween the parties dated September 1, 1886, and as stated in the bill of. exceptions the same was marked as plaintiff's exhibit "A," but on making up the bill of exceptions exhibit "A" was not incorporated in it, but it was attached to the original bill and marked exhibit "A," and upon the back of the bill of exceptions will be found a stipulation as follows : " It is hereby stipulated that the foregoing bill of exceptions and the exhibit 'A' hereunto attached be included and made a part of the record in said cause and may be filed in the Appel-late Court " (signed by the attorney for the defendant). . The parties had the right to stipulate before the bill of exceptions was made up and signed, what evidence was introduced before the jury, and the evidence agreed upon could be incorporated into the bill of exceptions, and all evidence thus incorporated in the bill of exceptions, when signed by the judge, would become a part of the record.   But we do not understand that the contract can be made a part of the record by stipula-tion of the parties as is attempted to be done here.   Any matter embodied in the bill of exceptions under the seal of the court becomes a part of the record, but the parties have no right to change and add to the record of the court · by stipulation.

If we are correct in this, the exhibit "A" was no part of the record, and the record failing to show that the contract relied upon was in evidence, there was no evidence before the jury upon which the plaintiff could recover.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*