## Matson v. The People ex rel. Mary Nelson.

1.  PRACTICE—*Appellate Courts—Bills of Exceptions.*—It is well set-
tled law, that a court of appellate jurisdiction can not look outside of the
bill of exceptions to learn what took place in the court below.   It is not
enough that the record certified to by the clerk contains the instruc-
tions, etc., sought to be availed of.   Such matters must be embodied in
the bill of exceptions.

**Memorandum.**—Bastardy proceedings.   Appeal from the Criminal
Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.
Heard in this court at the March term, 1893, and affirmed.   Opinion
filed April 28, 1893.

The opinion of the court states the case.

MASTERSON, NUTTING & HAFT, attorneys for appellant.

OPINION OF THE COURT, SHEPARD, P. J.

This is an appeal from a judgment rendered in a bastardy
proceeding.

The so-called bill of exceptions filed in this court contains
nothing but the evidence heard on the trial.   It contains
neither the instructions given or refused, nor the motion for
a new trial.   The argument of appellant is based upon in-
structions stated to have been either given or refused, and
upon reasons which should have been assigned for a new
trial, of which no mention whatever appears in the bill of
exceptions.

It is a well settled law that a court of appellate jurisdic-
tion can not look outside of the bill of exceptions to learn
what took place in the court below.   It is not enough that
the record certified to by the clerk contains the matters
sought to be availed of.

It is the certificate of the judge, alone, before whom the
case was tried, that furnishes the essential evidence of
authenticity by which we are permitted to be guided.   Span-
genberg v. Charles (No. 4424), and Atchison, Topeka &
Santa Fe R. R. Co. v. Baltz (No. 4393), both cases decided
at the March term, 1892, of this court, and the numerous

authorities cited in those two opinions; Stock Quotation Telegraph Co. v. Board of Trade (Ill.), 33 N. E. Rep. 42.

The mere evidence heard on the trial below being all that the bill of exceptions contains, and we being precluded from an inspection of the instructions, and the reasons filed in support of the motion for a new trial, we may not inquire whether in them there may be found such error as to justify a reversal of the judgment of the Criminal Court, and it will therefore be affirmed.