## Hennessy et al. v. Metzger.

1.  BILL OF EXCEPTIONS—*Exhibits, etc.*—If it is sought to make documents offered and refused; or offered and admitted in evidence a part of the record, they must be incorporated into the body of the bill of exceptions preceding the signature of the judge with apt and proper words of identification.

Memorandum.—Assumpsit.  In the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding.  Commencement of suit September 13, 1890; declaration, common counts for work and materials and for interest; plea, general issue, non-assumpsit as to a portion of the demand in the declaration mentioned and tender of the amount excepted; set-off; trial by jury; verdict for plaintiff for the amount excepted in the second plea and judgment; appeal by plaintiffs.  Heard in this court at the March term, 1893, and affirmed.  Opinion filed May 24, 1893.

The opinion states the case.

OSBORNE BROS. & BURGETT, attorneys for appellants.

L. H. BISBEE and W. N. GEMMILL, attorneys for appellee.

OPINION OF THE COURT, GARY, P. J.

In this record there is a præcipe for a record ordering "an authenticated transcript of the record in this cause and insert therein"—then follow nineteen items to be inserted. The certificate of the clerk is that the record brought up is a "true, perfect and complete transcript of the record according to the præcipe filed."

The bill of exceptions says that a lot of exhibits "are hereto annexed and made part hereof" and none are annexed, but some documents are filed in this court, with the title and number of this case upon them.  They also have indorsed upon them the filing by the clerk of the Circuit Court. They would be no part of the record if the clerk's certificate was a good one.  Stock Quotation Telegraph Co. v. Board of Trade, 44 Ill App. 358; 144 Ill. 370; Monson v. Kill (Ill.), 33 N. E. R. 42.

Nothing short of putting all documents into the bill of exceptions above or preceding the signature of the judge, with proper words of identification, is safe. Rosenstiel v. Gray, 112 Ill. 282; Patterson v. Churchman, 122 Ind. 379; Charles v. Remick, 50 Ill. App. 534.

We have said enough about the necessity of a certificate, that the transcript is of the whole record, in Heffron v. Rice, 50 Ill. App. 332.

Upon the showing here made of the action of the court below, we can not review the judgment, and it is affirmed.