## Charles v. Remick.

1. PRACTICE—*Appellate Court — Records—Documents.*—Documents introduced in evidence on the trial of a cause, but not incorporated into the bill of exceptions, can not be examined by the Appellate Court in order to see if they furnish cause for a reversal of the judgment appealed from.

2. PRACTICE—*Appellate Court—Stipulation of Parties.*—The parties can not stipulate as to what occurred on the trial below. If that were to be done it would be within the power of the parties to bring up on appeal an entirely different case from the one heard below.

3. PRACTICE—*Appellate Court.*—It is not for the Appellate Court to determine what evidence was heard by the trial court. That must be certified by the judge of the trial court. It is for the Appellate Court to pass upon its competency and sufficiency.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Declaration on promissory note; pleas, general issue, etc.; trial by court; judgment for defendant; appeal by plaintiff. Heard in this court at the March term, 1893, and affirmed. Opinion filed June 14, 1893.

The opinion states the case.

JOHN G. HENDERSON, attorney for appellant.

BARNUM, HUMPHREY & BARNUM, attorneys for appellee.

OPINION OF THE COURT, SHEPARD, J.

It is settled law that documents introduced in evidence on the trial, but not incorporated into the bill of exceptions,

can not be examined by an Appellate Court in order to see if they furnish cause for a reversal of the judgment appealed from. They will be presumed to justify the judgment of the court below. Matson v. The People ex rel., 50 Ill. App. 210, where the authorities are cited.

In this case it appears in the bill of exceptions that eight written documents were offered in evidence. All that is contained within the pages of the bill of exceptions to indicate what those eight pages were is what the appellant's counsel called them when offering them in evidence, viz. : "Bill head;" "this lease;" "petition made in the assignment case;" "two notes;" "book 2839 of Records of Cook County, pages 217 to 220 inclusive;" "articles of partnership made this first day of September, 1887, between Wm. H. Ward, J. C. Goldthwaite and C. F. Remick, and signed by those three persons;" "this paper;" and the words "Exhibit (lettered respectively C, D, E, G, F and H) hereto attached," following the offered papers in the order above indicated, except that the words "two notes" are followed by the words "Exhibits A and B attached."

Between the last sheet of the bill of exceptions bearing the signature of the judge who heard the case, and the wrapper inclosing the whole and having the file markings of the case, are to be found seventeen separate sheets bearing marks of "Exhibits" and letters, as above mentioned.

We can not say that these papers marked "Exhibits" are the same papers offered in evidence. The trial judge nowhere states them to be such, and it is to his certificate alone that we can look to ascertain what evidence was before him. As stated in the authorities cited, his signature, and nothing else, imports the truth.

The parties themselves can not stipulate as to what occurred on the trial below. If that were to be done it would be within the power of the parties to bring up on appeal an entirely different case from the one heard below. The jurisdiction of an appellate tribunal consists in reviewing the case as made below, and not in reviewing what the parties may agree to or acquiesce in.

The papers referred to, and marked " Exhibits," never having been certified by the judge whose certificate precedes them, as being the papers introduced in evidence, there is no one else who can give authenticity to them. The certification by the clerk to the record is not enough.

The papers therefore being there without the stamp of authenticity, which the certificate of the judge alone can give to them, we are not at liberty to examine them.

As was well said by the Supreme Court of Indiana in Patterson v. Churchman, 122 Ind. 379: "As will be observed upon an inspection of the bill of exceptions the evidence is not therein set out, but is only connected therewith by reference, the very thing which the authorities above hold can not be done. * * * The rule of practice is a simple one, and there are the greatest reasons why it should be closely followed. Unless strictly complied with we can have no assurance that that which is brought before us as the evidence in the case, is in fact the evidence. * * * Suppose, if the practice were permissible of identifying the record by affidavits, that the appellee would come before us with counter-affidavits as to the identity of that which the plaintiff claims is the evidence; we then would have to determine a question of fact before we could take up and decide the legal questions involved."

It is not for this court to determine what evidence was heard by the trial court. The question before us is not what the evidence was (for that must be certified to us by the trial judge), but is as to its competency and sufficiency.

It appearing, therefore, from the bill of exceptions that other evidence than that which it contains was heard, we are bound to presume the whole evidence was sufficient to justify the judgment of the Circuit Court and it will therefore be affirmed.