Legnard v. Rhodes.

---

### Legnard v. Rhodes et al.

1.   EXHIBITS—*Must be Preserved in the Bill of Exceptions.*—Exhibits offered in evidence on the trial of a suit, are not properly a part of the record, unless incorporated in a bill of exceptions.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.  Heard in this court at the October term, 1893, and affirmed.  Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

E. K. SMITH, attorney for appellant.

ELISHA WHITTLESEY, Jr., and JAMES C. McSHANE, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The questions involved upon this appeal are so largely matters of fact, that we greatly doubt if we would be at

liberty to overturn the judgment of the Circuit Court entered upon the findings and verdict of a jury, if there were no other reason for not doing so.

The special findings involving all the controverted questions of fact were submitted to the jury, and each one was found against the defendant, who is the appellant here. No instructions were offered by the appellees and none refused that were offered by the appellant.

The argument of appellant, in this court, is directed almost entirely to demonstrating that there is error in the findings of the jury, and that they are contrary to the instructions given in his own behalf.

We shall be constrained not to follow appellant's argument through the conflict of evidence. It is enough that we do not do so because it is shown by the bill of exceptions that the defendant below offered in evidence more than one hundred exhibits in writing, and the plaintiff offered several more like exhibits, and not one out of the entire number on both sides, are with the bill of exceptions, or in any way certified to us by the trial court.

A large bundle of what may be exhibits offered on the trial, has been filed in this court, but they are not entitled in any cause and are not certified by the judge below, and we are not at liberty to regard them. Hennessy v. Metzger, 50 Ill. App. 533.

The judgment of the Circuit Court will be affirmed.


OPINION ON REHEARING.

After the foregoing opinion had been filed    motion was made that the record in the cause be restored to the condition in which it was when filed in this court, and it being made to appear that the exhibits spoken of had been detached from the record in some unauthorized manner, an order was entered in accordance with the motion. And thereupon a petition for rehearing was filed herein.

The exhibits referred to in the former opinion now appear tied together and attached by a string to the bill of exceptions, but with no additional authenticity lent to them.

As has been repeatedly held by this court as well as by the Supreme Court, we can not look at these exhibits. It will be presumed they justify the judgment of the court below. Stock Quotation Telegraph Co. v. Board of Trade, 144 Ill. 370; Hennessy v. Metzger, 50 Ill. App. 533; Charles v. Remick, 50 Ill. App. 534, where the earlier cases are referred to. The petition for a rehearing will therefore be denied.