## Henry A. Foster, Administrator of the Estate of James Heeney, Deceased, v. Andrew Onderdonk.

1.  PERSONAL INJURIES—*Exercise of Ordinary Care to Be Shown.*—It is indispensable in an action to recover damages, occasioned by the neglect of another, that the exercise of ordinary care by the injured party be shown.

Memorandum.—Action for personal injuries. Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Foster v. Onderdonk.

Heard in this court at the March term, 1894, and affirmed. Opinion filed March 26, 1894.

The opinion states the case.

E. J. McARDLE and WM. P. HAYS, attorneys for plaintiff in error.

WALKER & EDDY, attorneys for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action brought by the administrator of James Heeney, deceased, to recover for the pecuniary loss sustained by his widow by reason of his death, caused, it was alleged, by the negligence of the defendant. The declaration contains three counts to which the defendant interposed a plea of general issue. On the trial at the close of the plaintiff's testimony, the defendant moved the court to exclude the plaintiff's evidence, and direct a verdict for him. This motion was overruled, and the defendant declining to offer evidence, the cause was submitted to the jury under the instructions appearing on the record, resulting in a verdict of not guilty, on which judgment was entered.

The assignments of error question the correctness of the verdict, and the court's rulings on instructions.

The declaration in this case does not contain any allegation that the deceased was, at the time when he was injured, in the exercise of ordinary care, and we think that the jury were warranted in finding that the exercise of such care was not shown by the evidence.

The deceased was employed by the defendant to drive a mule drawing a small car in a tunnel being constructed under Lake Michigan. There was provided for the deceased a seat to be attached to the end board of the car; this seat the deceased neglected to use, and being seated upon the brick with which the car was laden, his head came in contact with a low place in the roof of the tunnel and he was killed. Had he used the seat he would not have been injured.

It is urged that the track upon which the car ran had been raised; that deceased did not know of this or of

the low place, and that in omitting to make use of the seat and sitting upon the load of brick, he did only what the drivers had been for some time in the habit of doing.

We do not think this alters the case; the means of safety were provided for him, he knew of them and his administrator can not be heard to complain of an injury that would not have happened but for the negligence of his intestate.

If the low place in the roof of the tunnel or the raising of the track had been something that would, if unknown to the deceased, necessarily have caused injury to him, it would have been the duty of appellee to have warned him thereof; but neither such low place nor such raised track would have resulted in harm if the deceased had made use of the means provided for his safety. It appears that the deceased had, upon the morning of the accident, driven, unharmed, with his car, past the low place at least twice; his sitting upon the load of brick, instead of using the seat, which would have brought his head some twelve inches lower, was the cause of the injury he received.

It is indispensable in an action to recover damages, occasioned by the neglect of another, that the exercise of ordinary care by the injured party be shown. Calumet Iron & Steel Co. v. Martin, 115 Ill. 358.

The general finding of the jury being for the defendant, it must be presumed that its conclusion as to all disputed matters was such as would tend to sustain its finding upon the entire case. Charles v. Remick, 50 Ill. App. 534.

Counsel urge that there was no rule forbidding drivers sitting upon the top of their loads; we do not think that the defendant was obliged to make such a rule; it was enough for him that he provided the means of safety, and that there was no occasion for the neglect of the deceased to make use of such means. The low place in the roof did not increase the danger of the deceased's employment, if he made use of the seat provided for him.

We regard the instructions as fairly presenting the law applicable to the case, and that the jury were not, to the prejudice of the plaintiff, misled thereby.

The judgment of the Circuit Court is affirmed.