55 379
157s 655

## Eugene A. Hughes et al. v. Ella M. Bell.

1. BILL OF EXCEPTIONS—*Exhibits Should Precede the Signature of the Judge.*—Nothing short of putting all documents into the bill of exception above or preceding the signature of the trial judge with proper words of identification is safe.

Memorandum.—Replevin. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 6, 1894.

Ela, Grover & Graves, attorneys for appellants.

Lee & Lee and P. B. Coolidge, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this action, among others, was involved the question of the validity against creditors of a transaction wherein Edwin Bell, Jr., made to his wife, the appellee, bills of sale of certain personal property then being used by him in carrying on a hotel in Chicago, which bills of sale, absolute upon their face, appellee testified were given to secure her for money by her advanced to him. No change was made in the possession of the property covered by the bill of sale, appellee continuing, as before, to occupy with her husband the premises in which the goods were, said goods consisting largely of household furniture. The hotel building was leased by appellants to the husband of appellee and the business was carried on in his name.

The rent of the premises not being paid, appellants caused to be seized, under a landlord's distress warrant, the property covered by the bills of sale, and urge as reasons why they are entitled to hold the same, among other things :

1. That the pretended sale is fraudulent and void.

2. That the bill of sale is in law a chattel mortgage and is void under the statute as against creditors.

3. That both appellee and her husband, Bell, are jointly liable for the rent in question, and appellee can not, therefore, recover.

4. That under the provisions of the lease appellants, Hughes, have a lien upon the goods that is paramount to appellee's title.

The goods were replevied by appellee.

The action coming on for trial a jury was waived.

Upon the hearing the court found the issues for the plaintiff, appellee, and judgment for her was rendered.

We find ourselves unable, upon the record presented to us, to enter upon a consideration of the merits of this cause because of the manner in which the bill of exceptions is made up. The original bill of exceptions being, under stipulation, inserted in the transcript of the record, instead of a copy.

Buda Foundry Co. v. Columbian Celebration Co.

We find a number of important exhibits follow, instead of preceding, the certificate and signature of the trial judge.

In Hennessy v. Metzger, 50 Ill. App. 533, this court said: "Nothing short of putting all documents into the bill of exceptions above or preceding the signature of the judge, with proper words of identification, is safe."

See also Charles v. Remick, 50 Ill. App. 534; Legrand v. Rhodes, 51 Ill. App. 477; Mosher v. Schofield, 55 Ill. App. 271, opinion filed November 22, 1894; Atkinson v. Bank, 85 Maine, 368.

For this reason a majority of the court are of the opinion the judgment should be affirmed.