## John V. Hair v. Nils Johnston.

·1. RECORDS—*Not Necessarily Evidence.*—The fact that a contract is set up in an interpleader filed in a garnishee proceeding, and that such interpleader is copied by the clerk in making up the record of the case, does not establish that the contract set forth in the interpleader is the one introduced upon the trial, or that any such contract was ever in existence.

**Memorandum.**—Garnishment proceedings and interpleader. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

B. W. ELLIS, attorney for appellant.

CHYTRAUS & DENEEN, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a proceeding by way of garnishment, in which the appellee garnisheed the North-Western National Bank, seeking to reach funds standing upon the books of that bank to the credit of Wm. Hair. John V. Hair interpleaded, claiming that such funds belonged to him. There was a finding and judgment against the interpleader.

It appears by the bill of exceptions in this case that a certain written contract between appellant and his brother, Wm. Hair, was introduced in evidence. This contract is referred to by several witnesses; indeed, nearly all of the testimony is concerning what was done under such contract. It is evident from the record that appellant claims by virtue of such contract, the money in controversy standing to the credit of his brother, William. Yet appellant has failed to preserve the evidence of the contents of such contract in his bill of exceptions, and we are therefore called upon to decide this case upon what is manifestly an incomplete showing of the evidence presented to the Superior Court. The fact

that a contract between John V. and William Hair is set up in the interpleader filed by appellant, and that such interpleader is copied by the clerk in making up the record of this case does not establish that the contract set forth in the interpleader is the one introduced upon the trial, or that any such contract as that set up in the interpleader was ever in existence.   Stock Quotation Company v. Chicago Board of Trade, 144 Ill. 370.

The undisputed facts of this case are not such as to call upon this court to overlook imperfections for the purpose of sustaining arrangements which, between near kinsmen, are regarded by the law with suspicion.

The judgment of the Superior Court is affirmed.