## JOHN BAUERNSCHMIDT *vs.* THE MARYLAND TRUST COMPANY ET AL.

*Fraud—Certificate as to Bonds by a Trust Company as Mortgagee—Evidence.*

A telephone company executed a mortgage of property to a Trust Company to secure the payment of certain bonds. The Trust Company endorsed on each bond a certificate signed by its officers, stating that "this bond is one of a series of six hundred bonds for $500 each for the security of which the within mortgage was executed." Plaintiff bought some of the bonds so certified, and when they proved to be without value he brought an action of deceit against the Trust

Company, alleging that he had been induced to buy the bonds on the faith of the company's statement that they were secured by mortgage, and that said statement was false. The mortgage was not recorded before the bonds were issued, but it was recorded before plaintiff purchased, and there was no loss arising from any defect in the mortgage. *Held,*

1st. That there was no evidence to show that the certificate of the Trust Company was false, the bonds being in fact secured by a mortgage of property, and the certificate being designed to identify them and not being in the nature of a guaranty that the property mortgaged was an adequate security.

2nd. That evidence as to knowledge by the Trust Company concerning property owned by the telephone company, after its formation, is not admissible.

Appeal from the Superior Court of Baltimore (RITCHIE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Wm. Pinkney Whyte* and *Thomas C. Weeks* (with whom was *D. Eldridge Monroe* on the brief), for the appellant.

*William L. Marbury,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

This is an action on the case for deceit, brought by the plaintiff, John Bauernschmidt, against the defendants, The Maryland Trust Company and others, to recover damages for loss alleged to have been sustained by said plaintiff, by reason of a certain alleged false representation made by them. The suit was brought in the Superior Court of Baltimor City. In the first count of the declaration the allegation is, that the defendants, intending to deceive the plaintiff, issued and offered for sale certain coupon bonds of the Alta Telephone Company, which was incorporated under the laws of West Virginia, and represented to the plaintiff, and caused to be printed on each of said bonds the following words:   "It is hereby certified that this bond is one of a series of six hundred bonds for five hundred dollars each

for the security of which the within mortgage was executed." And the plaintiff, as he alleges, relying on and believing the said representation of the defendants, was induced to invest the sum of thirteen thousand dollars in said bonds. The sum so invested, he alleges, he lost, because the bonds were worthless.

The second count is based upon an alleged conspiracy entered into by the defendants to defraud the plaintiff by making a false representation, to-wit: "That said bonds were secured by mortgage," in order to induce him to purchase the bonds mentioned in the first count. To both counts of this declaration the defendants, or so many of them as appeared, pleaded the general issue.

The issues raised, therefore, by the pleading, are: First, were the bonds described in the declaration as purchased by the plaintiff, bonds belonging to the series mentioned in the certificate relied upon, and, second, were said bonds secured by mortgage?

During the course of the trial there were twelve exceptions taken by the plaintiff to the exclusion of evidence, and one to the instruction of the learned Judge below, that upon the pleadings and evidence the plaintiff was not entitled to recover.

Under these circumstances it will be necessary to ascertain by an examination of the record what testimony was admitted and what was excluded.

The plaintiff offered in evidence the mortgage from the Alta Telephone Company to the defendant Trust Company, by which mortgage the bonds in question were secured. There was no objection to its regularity in any respect. The forty bonds were next offered, each bearing upon its back the certificate signed by the defendant Trust Company, as set forth in the first count of the *narr.* In order to show the insolvency of the Alta Telephone Company the plaintiff offered the original papers from the Circuit Court No. 2 of Baltimore City, together with a duly certified copy of the docket entries in the case of "Andrew G. Steelman,

plaintiff, against the Alta Telephone Company, defendant,"
by which it appeared, among other things, that this company
was largely indebted and had very small assets, that the
holders of its bonds (not including the plaintiff) partici-
pated in the distribution of its assets—the main portion of
which consisted of two pieces of leasehold property, located
in Baltimore City, and included in said mortgage.   None
of the foregoing testimony, nor the formal proof of certain
matters, such as the incorporation of the Alta Telephone
Company, was objected to, and it was all admitted, includ-
ing the proof of the law of West Virginia in regard to the
organization of corporations, and the holding of meetings of
stockholders for the election of directors.

At this stage of the case, however, the plaintiff called
the witness Scott, secretary of the defendant Trust Com-
pany, and proposed to ask him whether he "had any
knowledge of what property the Alta Telephone Company
had in 1896, after its formation?"   But the Court refused
to permit the question to be put to the witness.   It is true,
as suggested by the defendant's counsel, that it does not
appear by the record what the answer of the witness would
have been, nor what the plaintiff expected to prove by the
witness, yet, "if the *question was in itself proper and perti-
nent*, it was quite unnecessary  *  *  to state the purpose
for which it was offered."   *County Commissioners* v. *Gantt*,
78 Md. 290.   Was the question here objected to proper
and pertinent?   We think clearly it was not.   There is no
averment in the *narr.* that the plaintiff was injured by any
false representation in regard to the property owned by the
Alta Telephone Company in 1896, or at any other time.
For, as we have already pointed out, the representations re-
lied on are the statements contained in the certificate signed
by the Maryland Trust Company, as trustee, which we have
transcribed in the former part of this opinion, that the
bonds were secured by mortgage—and that each of them
was one of the series of bonds thereby secured.   It was
not contended in this case, nor do we suppose it could be

successfully contended, that the certificate here relied on can be construed as constituting a warranty of the sufficiency of the mortgaged premises as security for the bonds mentioned in the mortgage. But unless the contention go to this extent, we do not see in what respect this knowledge of the defendant Trust Company or its officers is material. The certificate identifies the bonds on which it is placed, as one of the series of bonds mentioned and described in the mortgage, and that it was secured by mortgage. The evidence offered by the plaintiff himself and admitted without objection, shows that upon its face this instrument was duly executed, and it further appears that it was in fact duly recorded before the plaintiff made his purchase of the bonds in question, and that no injury resulted to the plaintiff or to any other bondholder by any defect in the mortgage, or because of the alleged failure to record it before the bonds were issued.

What we have said applies to all the exceptions. None of the testimony offered and excluded tended to prove the allegations relied on in the declaration.

But in addition to what we have said it is clear, for other reasons, that the ruling complained of in the fourth exception is without error. The plaintiff was asked what Mr. Stineman, as agent of one of the defendants, said at the time the witness sold the bonds to plaintiff, and upon objection plaintiff's counsel stated he would follow up *this testimony* by showing that Mr. Stineman bought the bonds from Atkinson, one of the defendants, and would follow it up by showing that Stineman made *certain statements* to the plaintiff on the faith of statements made by Bowdoin, an officer of the Trust Company. Now, in the first place, it does not appear from the record what *this testimony* was, which was to be followed up nor what statements were made by the witness to the plaintiff, nor on what statements made by Bowdoin, the statements made by the witness were alleged to be founded. This is entirely too vague to con-

stitute a valid offer—even if it did not show upon its face that the testimony offered is mere hearsay.

Upon this view of the case, holding as we do that none of the testimony either admitted or excluded shows or tends to show that the representation relied on by the plaintiff is false, we think it unnecessary to discuss all the authorities relied on.

If, as contended by the plaintiff, the defendant trustee violated the duties and obligations to which it had become subjected by the acceptance of the mortgage and the certificates placed on the bonds, there can be no question of its responsibility. In no State are trustees, whether individuals or corporations, held to a stricter account than in Maryland. But it has never been understood here, or elsewhere, so far as we are informed, that a trustee under a mortgage, like the one before us creating as it does a mere trust to certify the bonds, did more by the form of certificate adopted than to *thereby identify them* as *the* bonds of the company which the mortgage was executed to secure. The mortgage itself provides that the trusts were accepted by the defendant upon the express condition that the trustee shall not incur any liability or responsibility whatever in consequence of permitting or suffering the Telephone Company to retain, or be in possession of the property mortgaged, nor for *any* destruction of or damage to the property, nor for *anything other* than *the willful breach* by the trustee of the trusts created by the mortgage. As we have already said, not only has no breach been shown, either by the testimony admitted or by that which was ruled out, but certainly no *willful* breach of trust or false statement has been shown or offered to be shown as respects the representations relied on by the plaintiff in this case. But on the contrary the representations on which this suit are founded are shown to be, and must be admitted to be true, unless the certificate constituting the representation relied on is to be construed as imposing greater liability than has been given to it by any decision of any Court to which we

have been referred or have been able to discover. *Hayes* v. *Dalzell*, 21 Mo. Appeals, 679, was cited by the plaintiff. It was an action of deceit against a naked trustee and his *cestui que trust*, based upon a fraud in fact committed by the trustee; but here, as we think, there is no legally sufficient evidence to show fraud. In the cases of *Edwards* v. *Marcy*, 2 Allen (Mass.) 486, and *Gordon* v. *Parmelee et al.*, 15 Gray, 417, there were misrepresentations of material facts by the trustee, and it was held an action would lie against him. In *Sherwood* v. *Saxton*, 63 Mo. 78, the trustee was held responsible for loss resulting from a clear infraction of duty—namely, the release of purchasers of the trust property without the consent of the other parties interested. In the case of *Breyfogle* v. *Walsh*, 80 Fed. Rep. 172, it was held that neither a trust company, nor a national bank, nor any other corporation can escape liability for participation *in a fraud*.

But holding as we do, that neither the evidence admitted nor that excluded was legally sufficient to prove that either the Trust Company, or its officer, or agent, or any of the defendants were guilty of having made the false representation relied on, the case last cited can have no application here. In our opinion none of these cases sustain the contention of the plaintiff.

*Judgment affirmed.*

(Decided June 21st, 1899).