**Kate E. Knickerbocker, Appellant, v. Fort Dearborn Trust & Savings Bank, Appellee.**

**Gen. No. 25,545.**

1. APPEAL AND ERROR, § 806*—*what instruments must be embodied in bill of exceptions.* Copies of instruments sued on are not part of the record, unless made so by being embodied in a bill of exceptions.

2. APPEAL AND ERROR, § 806*—*when mortgage is not part of record.* A mortgage deed of trust filed as plaintiff's bill of particulars was not part of the record, and could not be made part thereof by the certificate of the clerk and the stipulation of the parties entered into after the filing of the appeal bond and the signing of the bill of exceptions.

3. BONDS—*when cause of action against trustee for inadequacy of security not stated.* A statement of claim in an action by a railroad bondholder against the trustee in the mortgage trust deed securing such bond failed to state a cause of action either upon a guaranty or upon an implied warranty where it alleged that by the meaning of such trust deed and by necessary implication defendant promised and agreed and it became its duty to exercise rea-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sonable care and diligence to acquire a trust estate sufficient to secure said bond, and not to certify or issue any bond without having first obtained such property, and alleging a breach by defendant and consequent loss by plaintiff.

4. BONDS—*when trustee in trust deed is not liable for loss.* A trustee in a railroad mortgage trust deed, which merely certified that the bond in question was the bond described in such deed, was not liable to the purchaser of such bond who sustained loss, either as guarantor or upon any implied warranty of the adequacy or sufficiency of the security.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed October 13, 1920.

ANDREW R. SHERIFF, for appellant.

RINGER & WILHARTZ, for appellee; WILLIAM WILHARTZ and EDWARD I. ROTHBART, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

Kate E. Knickerbocker, the plaintiff, having commenced in the municipal court of Chicago an action of the first class in contract against the defendant, Fort Dearborn Trust & Savings Bank, she, on December 24, 1918, filed a second amended statement of claim, in which the averments were, in substance, as follows:

That (1) on or about December 1, 1913, the Southern Illinois & St. Louis Railway Company, a corporation, duly executed a certain "mortgage deed of trust," by which it purported to convey to the defendant, as trustee, a large amount of real and personal property, rights, contracts, privileges, franchises, and other things of value, as security for its bonds to be issued under said mortgage; that (2) thereupon said Railway Company delivered said instrument to the defendant, and the defendant accepted it in writing, and the undertakings, conveyances, covenants and obligations thereby established, as grantee and trustee, for and on behalf of all persons who should then or there-

after purchase any of the bonds of said Railway Company issued under and in compliance with the terms of said mortgage, which terms required that said bonds should be authenticated and certified by defendant before becoming valid and before being issued; that (3) thereby, "by the meaning of said instrument and by necessary implication," the defendant "promised, undertook and agreed" to and with the purchaser of each and every bond, then or thereafter certified and issued by defendant under said mortgage, that (a) defendant had obtained or would obtain under said mortgage a "substantial" amount of the property of the kinds therein described and of sufficient value in its judgment to be "reasonable security" for each and all of the bonds at the time of their certification and issue, and that (b) defendant "expressly and by necessary implication warranted" to each of said purchasers that it had exercised or would exercise reasonable care and diligence to obtain such security, and that (c) defendant had exercised or would exercise on behalf of each of the purchasers of said bonds at least the same degree of care to obtain reasonable and reliable security therefor which a prudent man would deem to be necessary for the protection of his own interests; that (4) thereby also, "by the meaning of said instrument and by necessary implications," it became defendant's duty, before certifying or authenticating any of said bonds, to investigate and ascertain whether or not any property existed which had been conveyed to it by said Railway Company, and not to certify or issue any bond without first having obtained some property of the kind described in said mortgage, and of such substantial amount as to be reasonable security at the time of such certification and issue; that (5) at the time when and place where said instrument was made and accepted, and ever since, it was the "general custom and practice" of all persons and corporations engaged in the business of accepting and performing trusts of the same general nature as the trust described, upon acceptance thereof, (a) "to obtain, or make sure there would be

obtained," under such mortgage, a substantial amount of property of the kinds therein described, of sufficient value in the judgment of such trustee to be reasonable security for each and all of the bonds to be certified and issued, and (b) "to withhold such bonds from issue" until a reasonable and sufficient amount of security therefor was known to be actually in existence under and available for the purpose of such mortgage, and (c) to exercise reasonable care and diligence to obtain such security for such bonds, and (d) to exercise, for the protection of the purchasers of such bonds and before their issuance at least the same degree of care to obtain reasonable and reliable security therefor, which a prudent man would deem to be necessary for the protection of his own interests; that (6) thereafter defendant duly certified, validated and issued a series of the bonds of said Railway Company, purporting to be secured by said mortgage, by placing upon each bond its certificate, as follows: "This bond is one of the bonds described in the within mentioned mortgage deed of trust, dated the 1st day of December, 1913. Fort Dearborn Trust & Savings Bank, by E. C. Glenny, Secretary and Trust Officer"; that (7) "thereby the defendant became bound," to every person who should thereafter purchase for value any of such bonds so certified, "by the representations, promises, duties, terms, covenants and warranties" set forth in said mortgage, "or necessarily implied therein or by the nature of the transactions," and "by all the promises, duties, undertakings, agreements, and customs in relation thereto, express and implied, as hereinabove set forth"; that (8) thereafter, on November 6, 1916, plaintiff, "relying upon the aforesaid representations, promises, duties, terms, covenants and warranties, express and implied" of the defendant and the "aforesaid customs pertaining to its business," and "believing said bond to be well secured and worth its face value," purchased in the open market, for $890, one bond of the aforesaid series, being Number "M. 1001" thereof, of the face value of $1,000, in words and figures substantially identical

with the bond set out in said mortgage, and bearing thereon the certification of defendant as aforesaid and having been by it issued for circulation and sale, and "thereby plaintiff accepted and became entitled to all the benefits, protection, and advantages" of the aforesaid representations, promises, etc., pertaining to said bond and the value and security thereof; that (9) defendant did not at any time receive, or seek to obtain, or use reasonable care to obtain, any property, rights or things of "substantial" value, purported by said mortgage to be conveyed to it as security for said bond; that defendant has not had at any time any "substantial" security, under said mortgage or otherwise, for any of said bonds so certified; that defendant certified and issued the bond purchased by plaintiff without having, or seeking or exercising reasonable care to have, any "substantial" security for it; that defendant never has had, or sought, or exercised reasonable diligence to obtain, any "substantial" security for said bond; that said Railway Company is insolvent; wherefore, the bond purchased by plaintiff is and always has been worthless. By reason whereof defendant "has violated and breached each and all of its aforesaid duties, representations, promises, undertakings, contracts, covenants, warranties and customs by which it was bound to plaintiff." To the damage of plaintiff, etc.

The *"præcipe"* record before us discloses that on January 10, 1919, the defendant moved the court to strike said statement of claim from the files, which motion was entered and continued; that on January 25, 1919, before said motion had been disposed of, the court, on the further motion of defendant, ordered that plaintiff file "a copy of the instrument sued on"; that on February 15, 1919, the plaintiff moved that said order of January 25 be vacated and set aside, but the court denied the motion, and plaintiff was given time in which to file a bill of exceptions. On February 17, 1919, the plaintiff presented a bill of exceptions, and the same was signed and sealed by the judge and

filed. This bill of exceptions discloses that, in compliance with said order of January 25, the plaintiff placed on file "a printed copy consisting of 76 printed pages (same having been produced by plaintiff) of the 'mortgage deed of trust' mentioned in the second amended statement of claim herein"; that plaintiff contended that "said order is erroneous, and improperly imposed on the plaintiff, and in violation of her rights"; that plaintiff moved the court to vacate and set aside said order and withdraw said copy from the files and restore same to the possession of plaintiff's counsel; but that the court, after argument, denied said motion. No copy of said "mortgage deed of trust" is contained in this bill of exceptions.

The "*præcipe*" record further discloses that on April 11, 1919, defendant's motion to strike plaintiff's said amended statement of claim from the files was finally disposed of by the court sustaining the motion; that, plaintiff electing to stand by said statement of claim, the court further ordered that the suit be dismissed and entered judgment against the plaintiff for costs; that from this judgment plaintiff prayed an appeal, which was allowed upon her filing a bond within 30 days, and that she was allowed 60 days in which to file a bill of exceptions; that on May 8, 1919, she presented her appeal bond and the same was approved and filed; and that on May 12, 1919, she presented a second bill of exceptions, which was on that day signed and sealed by the judge, *nunc pro tunc* as of May 9, 1919. This bill of exceptions discloses that on April 11, 1919, the court after argument sustained said motion of defendant to strike plaintiff's said statement of claim from the files "because it was insufficient in law"; that plaintiff elected to stand by said statement of claim and not plead over; that thereupon the court ordered, "because the plaintiff was relying on a cause of action clearly unfounded in law," that judgment be entered in favor of defendant for costs; and

that during all the time that the suit was pending a certain rule of the municipal court was in force, as follows:

"Rule 21.    Demurrers Abolished.—No demurrer shall be allowed, but the court may, on motion, order any pleading to be stricken out on the ground that it is insufficient in law or does not comply with the rules of this court, or the court may order a more specific or amended pleading to be filed.

"If it appears that the party filing a pleading is relying on a cause of action or defense that is clearly unfounded in law, the court may order the same stricken out and the action to be dismissed or judgment to be entered accordingly as may be just."

No copy of said "mortgage deed of trust" is contained in this bill of exceptions.

Accompanying the "*præcipe*" record, but as a separate document, is a so-called "additional" record, from which it appears that on September 29, 1919 (more than 4 months after plaintiff's appeal bond had been approved and filed in the municipal court and plaintiff's said second bill of exceptions had been signed by the judge and filed), a certain draft order, signed by the judge and "O. K'd" by the attorneys for the respective parties, was entered, as follows:

"Whereas, the court having considered the transcript of record prepared for the appeal to the Appellate Court,  *  *  *  heretofore prayed and taken,  *  *  *  and the assignment of errors therein, and being of the opinion that an inspection of the printed copy of the 'mortgage deed of trust,' placed on file herein on January 25, 1919, and so marked and identified, is important to a correct decision of the case in the Appellate Court, and the parties hereto by their respective attorneys having stipulated in open court that same may be transmitted to said court and considered by it in all respects the same as though incorporated and bound with the said transcript of record, therefore, it is, with the consent of both parties hereto by their respective attorneys, hereby ORDERED, that the

clerk of this court shall transmit said document, with said transcript of record and a certified copy of this order, to the clerk of said Appellate Court, who shall safely keep said document for the use of said court, so long as said appeal may be there pending and undisposed of," etc.

Then follows a printed pamphlet of 76 pages, entitled "Mortgage Deed of Trust," and then follows the certificate of the clerk of the municipal court, certifying that said order was entered of record in said cause and also certifying to said "Mortgage Deed of Trust" as having been filed in said court "on the 25th day of January, 1919."

The main question presented for our determination is: Does plaintiff's second amended statement of claim, the substance of which is above set forth, state a good cause of action?

It is our opinion that, in determining this question, we cannot properly consider the said document, "Mortgage Deed of Trust." We must decide the question on the *record* before us. It is well settled that "copies of instruments sued upon * * * are not parts of the record, unless so made by being embodied in a bill of exceptions." (*Garrity v. Lozano,* 83 Ill. 597, 599; *Thompson v. Kimball,* 55 Ill. App. 249, 250; *Boyles v. Chytraus,* 175 Ill. 370, 374.) In the *Boyles* case it is said: "The copy of the instrument sued upon, or the bill of particulars, indorsed on the declaration, being no part thereof, is no part of the record; and a bill of exceptions can alone inform us of what it is." In the present case said document is not contained in either one of plaintiff's bills of exceptions. Furthermore, a reviewing court "passes upon alleged errors of courts, which errors must be shown by their records, and cannot be made to appear by stipulation of parties." (*Mosher v. Scofield,* 55 Ill. App. 271, 274; *Charles v. Remick,* 50 Ill. App. 534, 535; *Stock Quotation Tel. Co. v. Chicago Board of Trade,* 144 Ill. 370,

372; *Lane v. Dorman,* 4 Ill. [3 Scam.] 238, 240.) In the *Charles* case it is said: "The parties themselves cannot stipulate as to what occurred on the trial below. If that were to be done it would be within the power of the parties to bring up on appeal an entirely different case from the one heard below." In the *Lane* case it is said: "Certified papers, not in the case, * * * have been presented to this court, with an assent of the parties, that such papers should be taken into consideration with the record. We feel clear that the court has no authority to consider those papers in an examination of the case."

Looking, therefore, to plaintiff's said amended statement of claim itself, it will be observed that, after stating the execution of a certain "mortgage deed of trust" conveying to defendant, as trustee, certain property, etc., as security for certain bonds, and the acceptance by defendant of said trust, the pleader proceeds to state, not the obligations of defendant as they are set forth in the deed from which alone they must be ascertained, but merely the conclusion and inferences of the pleader as to what they are. The averment contained in paragraph 3 is that "thereby * * * by the meaning of said instrument and by necessary implication, the defendant promised, undertook and agreed," etc., and the averment contained in paragraph 4 is that "thereby, also, * * * by the meaning of said instrument and by necessary implication, it became defendant's duty," etc. We do not think that the legal effect of the instrument can be determined from what the pleader thinks it means. And some of the subsequent averments are seemingly based on the false assumption that the pleader had previously set forth, in substance, the covenants, etc., and the legal effect of the deed. As to the "general custom and practice," which is pleaded in paragraph 5, manifestly this cannot prevail against the terms of the deed itself. (*Gilbert & Co. v. McGinnis,* 114 Ill.

418    APPELLATE COURTS OF ILLINOIS.

Knickerbocker v. Ft. Dearborn Trust & Sav. Bk., 219 Ill. App. 409.

28.) And so far as the pleading rests upon any obligation arising from the fact of the certification of the bonds, as set forth in paragraph 6, what is said in Jones on Corporate Bonds and Mortgages (3rd Ed.), sec. 287a, is, we think, applicable:

"The limited and guarded terms of a trustee's certificate cannot be lawfully held to embrace a representation or guaranty of the truthfulness of the description of the obligations as made by the obligor. Trustees act for a comparatively trifling consideration, limiting their liability to their own acts of negligence and misconduct, and it would be unfair to put so serious a burden as a guaranty upon them. So far as appears, there is not a single adjudication extending their liability to even an implied guaranty of the securities whose mere identity they have authenticated."

In the cases of *Ainsa v. Mercantile Trust Co.*, 174 Cal. 504; *Bauernschmidt v. Maryland Trust Co.*, 89 Md. 507; *Tschetinian v. City Trust Co.*, 186 N. Y. 432, the holdings are to the effect that, where the certificate of the trustee merely certifies the bond as being one of the bonds issued by the corporation purporting to issue them, such certification does not operate as a guaranty of the sufficiency or adequateness of the security. In said paragraph 6 plaintiff avers that the certificate was: "This bond is one of the bonds described in the within mentioned mortgaged deed of trust, dated the 1st day of December, 1913."

In his reply brief here filed plaintiff's counsel contends, in substance, that plaintiff, in her said statement of claim, does not seek to hold the defendant trustee liable as a *guarantor* but does seek to recover from it damages for the *breach of its implied warranty* that, at the time it certified plaintiff's bond, it had exercised or would exercise reasonable care and diligence to acquire a trust estate sufficient to secure said bond.

In view of the averments contained in said statement of claim and the language of defendant's cer-

tificate on the bonds as averred, and in the light of the authorities above cited, we are of the opinion that said statement of claim did not state a good cause of action, either on the theory of defendant's liability as a guarantor or defendant's breach of an implied warranty, and that the court properly struck the same from the files. And could we properly consider as requested, said "mortgage deed of trust" we would reach the same conclusion.

The judgment of the municipal court is affirmed.

*Affirmed.*

BARNES, P. J. and MATCHETT, J. concur.