ALEXANDER P. W. KINNAN, as Executor, etc., Respondent, *v.* THE FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Appellant.

The right of the owner of corporate stock who has lost his certificate, in case the corporation refuse, upon indemnity being tendered, to issue to him a new certificate, to maintain an equitable action to compel such issue, was not taken away or affected by the act of 1873 (Chap. 171, Laws of 1873), giving a summary remedy in such cases.    That act did not give a remedy at law, but simply a cumulative and additional equitable remedy.

(Argued October 27, 1893 ; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 3, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to compel defendant to make and issue to plaintiff, as executor of Joseph W. Burnham, deceased, certificates for 100 shares of its capital stock.

The complaint alleged that in 1883 defendant issued to one D. D. Conover two certificates for fifty shares each of its capital stock, which were thereafter transferred to plaintiff's testator. It is then alleged, on information and belief, that said certificates have been mislaid and lost, and plaintiff has not been able, notwithstanding diligent effort, to discover their whereabouts; that he has demanded the issue of new certificates and offered to indemnify defendant, but that such demand and offer have been refused. The answer put in issue all the material allegations of the complaint and set up that plaintiff has a complete and adequate remedy at law.

The facts, so far as material, are stated in the opinion.

*William C. Trull* for appellant. The evidence fails to establish such diligent search and reasonable effort to find the alleged lost scrip certificates as to establish their loss and justify the judgment of the court below. (*McNeil* v. *T. N. Bank,* 46 N. Y. 325; *Leitch* v. *Wells,* 48 id. 585.) It was error for the court below to proceed to judgment without making Mrs. Burnham a party to the action. (Code Civ. Pro. § 452; *Osterhoudt* v. *Bd. Suprs.,* 98 N. Y. 239–244.) The objection that the plaintiff had an adequate remedy at law was well taken. (Laws of 1873, chap. 151; Laws of 1892, chap. 688, §§ 50, 51; *Thomas* v. *M. M. P. Union,* 121 N. Y. 45–52; *McLaury* v. *Hart,* Id. 636–642; 1 Pom. Eq. Juris. 305, § 281; *Andrews* v. *Monilaws,* 8 Hun, 65; *People* v. *Wasson,* 64 N. Y. 167; *Heiser* v. *Mayor,* 104 id. 68.)

*Emanuel J. Myers* for respondent. The Superior Court of the city of New York was not deprived of jurisdiction to entertain the action by reason of power having been conferred by the legislature upon the Supreme Court to grant relief by summary procedure under chapter 151 of the Laws of 1873. (*Popfinger* v. *Yutte,* 102 N. Y. 38; Bispham Eq. Prin. par. 467; 3 Pom. Eq. Juris. 1376; Adams Eq. 167; Story's Eq. Juris. [13th ed.] §§ 81–88; *Bohart* v. *Chamberlain,* 99 Mo. 631; *Stokoe* v. *Robinson,* 19 Ves. 385; *Lawrence* v. *Law-*

*rence*, 42 N. H. 109 ; 1 Mad. Ch. 24 ; Fonblanque's Equity, chap. 1, § 3 ; *Shepard* v. *M. R. Co.*, 131 N. Y. 223 ; 3 Pom. Eq. Juris. [2d ed.] § 182 ; *Force* v. *City of Elizabeth*, 27 N. J. Eq. 408 ; *Atkinson* v. *Leonard*, 3 Bro. C. R. 218 ; *King* v. *Baldwin*, 17 Johns. 384; *Sailly* v. *Elmore*, 2 Paige, 487 ; *Varet* v. *N. Y. Ins. Co.*, 7 id. 560 ; *White* v. *Meday*, 2 Edw. Ch. 486.)    Mrs. Burnham was not a necessary party defendant preventing the complete determination of the controversy without her being a party to the action. (Code Civ. Pro. § 452 ; 2 Williams on Exrs. [5th ed.] 1636 ; *Harrington* v. *Keteltas*, 92 N. Y. 40 ; *Turner* v. *Conant*, 18 Abb. [N. C.] 160 ; *Chapman* v. *Forbes*, 127 N. Y. 532.)    The sufficiency of proof of the loss of a written instrument is peculiarly within the province of the trial judge.    (*Gorgas* v. *Hertz*, 150 Penn. St. 538.) The question of costs rests in the discretion of the court below, which this court will not review except in a case of an abuse thereof.    (*Lawrence* v. *Lawrence*, 42 N. H. 113.)

FINCH, J.    There is sufficient evidence in this record to sustain the judgment for equitable relief which has been rendered. Although the facts are not full and precise, and not so developed in detail as to escape some natural criticism, yet they were established to the satisfaction of the trial judge, whose findings have been approved by the General Term, and must be conclusive here unless there is no evidence to support them. That is claimed to be the case as it respects the authenticity and genuineness of the stock certificates which have been lost and are sought to be replaced.    It is true that nobody testified to their signature by the officers of the company, but that was because no witness was asked that question and no point was made directing attention to that specific inquiry, and the papers themselves were lost and could not be produced.    But the witnesses described them as the certificates of the company, and one of those witnesses was Conover himself, to whom they were originally issued and who sold them to the testator, and who, having been at one time president of the corporation, must have certainly known that the certificates

were what he described them to be. Beyond that, when the case for the plaintiff was closed, the defendant's counsel called no witnesses, but rested the entire defense upon a motion for a non-suit. Five grounds were assigned, and not only was there an omission to suggest any such defect in the proof as is now argued, but each of those grounds went upon and involved an assumption and tacit admission that the certificates were the authentic obligations of the company. If their validity had been challenged, the court might have permitted further proof and the plaintiff been able to furnish it. · It is too late now to raise the question.

· Passing by some minor objections to the recovery, which do not seem to us important enough to require discussion, we reach the one upon which the appellant seems principally to rely. It is that the court was not at liberty to grant the equitable relief sought, because there was an adequate remedy at law. That defense was specially pleaded, and its validity was rested upon an act of the legislature giving a summary remedy in cases like the present. That act (Laws of 1873, chap. 151) provides in substance that one who has lost his stock certificate and finds the company unwilling to replace it, may apply at a Special Term of the Supreme Court for an order to show cause why a new certificate should not be given, and on the hearing the court may proceed summarily to hear and determine the facts, and may make an order requiring the company to issue a new certificate upon receiving from the petitioner a specified bond of indemnity, and this proceeding is called by the appellant a remedy at law. I deem it to be nothing of the kind. It gives a relief which a court of law as such never did give and was not competent to give. It is exactly the relief which in such a case a court of equity would regularly and habitually award, and not at all such as a court of law could give. Under our present system, the distinctive difference between legal and equitable remedies lies in the character and scope of the relief which may be obtained, (Reubens v. Joel, 13 N. Y. 492), and a remedy which, instead of awarding damages or a sum of money, decrees the giving

of an indemnity bond, and the issue of a new certificate of stock is wholly and clearly an equitable remedy. The Supreme Court has equity jurisdiction. Its Special Term may give equitable relief, and when a statute sends a petitioner there for an award which equity alone could give, it amounts to the creation of a new and summary equitable remedy, and cannot be deemed or denominated a remedy at law. The statute, therefore, cannot support the defense pleaded. There are no words in the law purporting to restrain the ancient and admitted jurisdiction of equity to award specific relief in cases of this character, and I think the statute must be regarded as giving a cumulative, additional and summary remedy of a purely equitable character, and to be administered by an equity court.

We find no error in the judgment, and it should be affirmed, with costs.

All concur.

Judgment affirmed.