JAMES TSCHETINIAN, Appellant, *v.* CITY TRUST COMPANY OF NEW YORK, Respondent.

BONDS — WHEN TRUST COMPANY, ACTING AS TRUSTEE FOR MORTGAGE BONDS, NOT LIABLE AS GUARANTOR OF BONDS BY REASON OF STATEMENT INDORSED THEREON. Where a trust company, as the trustee under a corporation mortgage, indorsed upon the back of each one of a series of bonds the statement that "This bond is one of a series of bonds mentioned and described in the mortgage within referred to," and the bonds so certified were each indorsed by the mortgagor as a "First Mortgage Bond," whereas in fact they were not such, being subsequently cut off by the foreclosure of a first mortgage, such statement does not upon any reasonable construction, in the absence of any fraud or deceit, active or passive, make the trustee a guarantor of the quality and extent of the security given by the mortgage, or responsible for the accuracy of statements indorsed upon the bond by the mortgagor purporting to describe the nature of such security.

*Tschetinian* v. *City Trust Co.,* 110 App. Div. 916, affirmed.

(Argued October 25, 1906; decided December 4, 1906.)

APPEAL from a judgment, entered December 21, 1905, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which affirmed a judgment of Special Term sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William R. Barricklo* for appellant. The certificate constitutes a guaranty. (*P. E. of T. Co.*, 31 Nat. Corp. Rep. 369; *McClure* v. *C. T. Co.*, 165 N. Y. 108; *Motan* v. *McLarty*, 75 N. Y. 25; *Bunnell* v. *Stern*, 122 N. Y. 544; *McS. Co.* v. *Padian*, 142 N. Y. 207; *Imperial Co.* v. *Jewett*, 169 N. Y. 143; *Industrial Co.* v. *Todd*, 180 N. Y. 215; *Page* v. *Krekey*, 137 N. Y. 307; *Miles* v. *Roberts*, 76 Fed. Rep. 919.) Defendant is liable for negligence in issuing the certificate. (*McClure* v. *C. T. Co.*, 165 N. Y. 108; *Elmer* v. *T. G. & T. Co.*, 156 N. Y. 10; *Thomas* v. *Winchester*, 6 N. Y. 397; *W. U. T. Co.* v. *Nat. Bank*, 65 L. R. A. 805; *Elwood* v. *W. U. T. Co.*, 45 N. Y. 549; *Rittenhouse* v. *I. T. Co.*, 44 N. Y. 265; *Page* v. *Krekey*, 137 N. Y. 312; *Chapman* v. *Rose*, 56 N. Y. 141; *F. Nat. Bank* v. *Dean*, 137 N. Y. 110; *Morange* v. *Mix*, 44 N. Y. 315.) Defendant is liable for negligence in its fiduciary capacity. (*Williams* v. *McKay*, 40 N. J. Eq. 189; *Williams* v. *Reilly*, 41 N. J. Eq. 137; *Chapman* v. *Rose*, 56 N. Y. 141; *McClure* v. *C. T. Co.*, 165 N. Y. 108.) Defendant is liable for fraud. (*Bishop* v. *Davis*, 9 Hun, 342; *Hadcock* v. *Osmer*, 153 N. Y. 604; *Meyer* v. *Amidon*, 23 Hun, 553; *Bennett* v. *Judson*, 21 N. Y. 238; *Nevada Bank* v. *Portland Bank*, 59 Fed. Rep. 338; *Shotwell* v. *Mali*, 38 Barb. 445; *Lynch* v. *M. T. Co.*, 18 Fed. Rep. 486; *Bank* v. *Byer*, 139 Mo. 627.)

*A. B. Boardman* for respondent.

HISCOCK, J. This action, as evidenced by the complaint, sought to hold defendant responsible for the value of cer-

28

tain bonds purchased by plaintiff which became valueless. It was based upon a certificate made by defendant, as mortgage trustee under a corporation mortgage, upon an issue of $100,000 of bonds which included those purchased by the plaintiff. This certificate was indorsed upon each bond, and read as follows: "This bond is one of a series of bonds mentioned and described in the mortgage within referred to." The bonds so certified were each indorsed by the mortgagor as a "First Mortgage Bond," whereas in fact they were not such, being subsequently cut off by the foreclosure of a first mortgage.

Plaintiff claims that defendant's certificate was broad enough to be a guaranty that they were first mortgage bonds. The Appellate Division has decided that the facts stated in the complaint do not sustain this view, and we concur in the conclusion thus reached by that court.

In addition to the facts already stated by way of introduction, reference may be made to a few others. The United States Carbonate Company executed to defendant, as trustee, a mortgage upon certain real estate and other property to secure the issue of bonds above mentioned. These bonds were issued in the denomination of $500 each. The prior mortgage amounted to $15,000, and, when subsequently foreclosed, absorbed practically all of the proceeds of the property covered by the mortgage securing the bonds in question. Plaintiff had purchased twenty of these bonds, which were thus rendered valueless.

His counsel advances various reasons for sustaining the sufficiency of his complaint against the attack of the demurrer which are not at all based upon the allegations of the complaint, and, therefore, need not be considered.

The complaint itself contains some allegations against the sufficiency of the mortgage given to secure the bonds, which are conclusively contradicted and qualified by the terms of the mortgage and bonds which are made a part of the complaint. For instance, it is alleged " that said bonds were not secured by a first mortgage or any other mortgage upon the property

and franchises of the United States Carbonate Company." This allegation is utterly at variance with the terms of the mortgage, and this contention seems to have been abandoned.

It is also alleged that at the time of the execution of the mortgage the mortgagor owned valuable franchises, etc., which were not included in any mortgage to the defendant as trustee, " although the said bonds purported to be secured by a mortgage to the defendant as trustee of all the property and franchises of the company." In opposition to this allegation each of the bonds in its body sets forth that it is secured by the mortgage in question, and makes express reference to said mortgage for a description of the property and franchises mortgaged, etc., thus by reference specifically indicating the nature and extent of the property conveyed.

There is no allegation in the complaint that the defendant was in any manner a party to or responsible for having the indorsement upon the bonds that they were first mortgage bonds, or that it in any manner was guilty of fraud or misrepresentation in connection with said statement or that it suppressed any knowledge or in fact knew that said bonds were not first mortgage bonds. Upon the other hand, it is to be noted as bearing upon this point that the resolutions passed by the mortgagor, authorizing the execution of the mortgage and bonds, expressly provided that the proceeds thereof should be applied to the payment and satisfaction of any existing indebtedness of the company. If this resolution had been complied with the prior mortgage would have been retired when the bonds were issued and the latter would have been in reality first mortgage liens.

Therefore, we are presented with the narrow question whether the defendant, solely on account of the certificate which it placed upon the bonds, should be held to have guaranteed the nature and extent of the security therefor, because the mortgagor had placed upon them a statement purporting to be descriptive of the latter. This, of course, involves a consideration of the terms of the certificate which the defendant executed, for plaintiff's complaint is based upon nothing

else. As already indicated, we think that it would be unreasonable to impose upon defendant any such liability. The language employed when interpreted in its natural and ordinary meaning simply amounts to a statement identifying the bond whereon it is written as one of those mentioned in the mortgage, and the effect of this is an assurance to the purchaser that his bond is amongst those entitled to the benefits and protection afforded by such mortgage. But the statement does not upon any reasonable construction, in the absence, as in this case, of any allegation of fraud or deceit, active or passive, make the trustee a guarantor of the quality and extent of the security given by the mortgage, or responsible for the accuracy of statements indorsed upon the bond by the mortgagor purporting to describe the nature of such security. This is as plain upon a mere reading of the certificate as it could be made by any extended argument or reasoning. There is involved the construction of very few and simple words, and we could not reach the views urged by plaintiff through any justifiable course.

It is not necessary to consider various clauses found in the mortgage and referred to by defendant as exempting it from liability as a trustee. Some of those clauses manifestly refer to duties entirely different from those which would arise in connection with this certificate, and we do not intend to determine how far such clauses might serve to relieve a trustee like defendant from liability otherwise incurred. It is sufficient for the purposes of this case to determine as we do that the certificate upon which plaintiff's claim to a cause of action must rest does not sustain that claim.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER and CHASE, JJ., concur; GRAY, J., absent; WILLARD BARTLETT, J., not sitting.

Judgment affirmed.