WILLIAM H. REYNOLDS, Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant.

Supreme Court, Nassau County, April, 1923.

Bonds — trust mortgage — action on duplicate bonds issued to take the place of lost instruments — when plaintiff entitled to judgment.

Upon the trial of an action to recover the amount due on six mortgage and income registered gold bonds of the par value of $500 each, upon the mortgage of which a sum equal to and slightly in excess of $400 for each bond, now

outstanding, came into the hands of the defendant as trustee for distribution among the bondholders, of which plaintiff is one, it was undisputed that about May, 1908, said bonds consecutively numbered and duly authenticated by the certificate of the defendant trustee were issued in the name of one P.; that about March, 1915, plaintiff stated to defendant that he wanted to buy the bonds of P.; that P. had lost them. Defendant agreed that if P. would make an affidavit showing that the bonds had not been negotiated and would give an indemnity bond running to defendant as trustee and another corporation and the mortgagor would duplicate the bonds, the defendant, as trustee, would certify them; that the affidavit and surety bond were delivered and the duplicate bonds issued; that about three months thereafter the bonds were returned with an assignment from P. to this plaintiff; that upon the face of each of the bonds and the backs thereof the word " duplicate " is written. Attached to the bond is found: " The name and address of the holder of this bond is as follows." On the first line the name " Llewellyn L. Powell, address 212 5th Avenue, N. Y. City, date May 9, 1908," and signed by " Title Guarantee and Trust Company by T. G. Prescott, Trust Officer." The second line: " William H. Reynolds, address 395 Lexington avenue, N. Y., date July 22, 1915, Frank L. Sniffen, Mgr.," and sealed with the seal of the Title Guarantee and Trust Company. Upon directing judgment in favor of plaintiff in accordance with the stipulation as to the facts, *held,* that the bonds and the mortgage were to be construed together.

P. would have been entitled to a decree of a court of equity providing for the issuance of new or duplicate bonds upon proof that the ones issued to him were lost or destroyed upon giving an indemnity bond which would have secured the trustee against loss, but as the defendant did not subject P. to his equitable action but completed the issuance of the duplicate bonds upon terms which were satisfactory to it and in accordance with the provisions of the mortgage, it was liable.

The validity of the bonds was not affected by the word " duplicate " placed thereon, and a certificate of authentication upon each bond signed by defendant as follows: " The undersigned hereby certifies that the within is one of the bonds described in the mortgage therein mentioned," made pursuant to a provision that " it shall not be valid or obligatory for any purpose until it has been duly authenticated by the certificate of the Title Guarantee and Trust Company " as such trustee, and indorsed thereon, in effect rendered them real, true and genuine.

Action on bonds.

*Cass & Apfel (Alvin C. Cass,* of counsel), for plaintiff.

*Charles L. Woody,* for defendant.

Lewis, J. This is an action to recover the amount due on six mortgage and income registered gold bonds of the par value of $500 each, upon the mortgage of which a sum equal to and slightly in excess of $400 for each bond now outstanding came into the hands of the defendant, as trustee, for distribution amongst the bondholders, of which the plaintiff claims to be one.

The undisputed facts are that about May, 1908, six bonds, Nos. 1227 to 1232, inclusive, duly authenticated by the certificate of the defendant, as trustee, were issued in the name of Llewellyn

Lee Powell; that about March, 1915, the plaintiff stated to the defendant that he wanted to buy the bonds of Powell; that Powell had lost them. The defendant agreed that if Powell would make an affidavit showing that the bonds had not been negotiated and would give an indemnity bond running to the defendant as trustee and the Dreamland Company and the mortgagor would duplicate the bonds, the defendant, as trustee, would certify them; that the affidavit and surety bond were delivered and the duplicate bonds issued; that about three months thereafter the bonds were returned with an assignment from Powell to this plaintiff; that upon the face of each of the bonds and the backs thereof the word " duplicate " is written. Attached to the bond is found: " The name and address of the holder of this bond is as follows." On the first line the name " Llewellyn L. Powell, address 212 5th Avenue, N. Y. City, date May 9, 1908," and signed by " Title Guarantee and Trust Company by T. G. Prescott, Trust Officer." The second line: " William H. Reynolds, address 395 Lexington avenue, N. Y., date July 22, 1915, Frank L. Sniffen, Mgr.," and sealed with the seal of the Title Guarantee and Trust Company.

In addition to the provision in the bond that reference is made to the mortgage for the terms and conditions upon which the said bonds are issued and the rights of holders thereof, the law is that the bond and mortgage are to be construed together. *Benjamin* v. *Elmira, etc., R. R. Co.,* 49 Barb. 441.

Powell, the holder of the bonds, would have been entitled to a decree of a court of equity providing for the issuance of new or duplicate bonds on proof that the ones issued to him were lost or destroyed upon the giving of an indemnity bond which would have secured the trustee against loss. *Switzerland G. Ins. Co.* v. *N. Y. C. & H. R. R. R. Co.,* 152 App. Div. 70.

The defendant, however, did not subject Powell to his equitable action, but completed the issuance of the duplicate bonds upon terms which were satisfactory to it, in accordance with the mortgage provision that (p. 28): " The trustee shall not be bound to recognize any party as a holder of said bonds nor to take any action at his request, unless his bonds are first submitted to the trustee for inspection or his ownership thereof is otherwise shown to the satisfaction of the trustee, nor then if his ownership be questioned until his title to said bonds is satisfactorily established."

And at page 30: " All persons whose names are registered on the books of the trustee as owners of the said bonds shall be conclusively deemed to be the actual *bona fide* owners thereof. *   *   * "

The validity of the bonds is not affected by the word " duplicate " placed thereon. A duplicate cannot be regarded as a mere copy

of an original, but, on the contrary, it has all the validity of the original.

Upon each bond was a certificate, signed by the defendant, as follows: " The undersigned hereby certifies that the within is one of the bonds described in the mortgage therein mentioned."

With reference to a similar situation, the court, in *Tschetinian* v. *City Trust Co.*, 186 N. Y. 432, 436, stated: " The language employed when interpreted in its natural and ordinary meaning simply amounts to a statement identifying the bond whereon it is written as one of those mentioned in the mortgage, and the effect of this is an assurance to the purchaser that his bond is amongst those entitled to the benefits and protection afforded by such mortgage."

The authentication of the bonds, pursuant to the provision that " it shall not be valid or obligatory for any purpose until it has been duly authenticated by the certificate of the Title Guarantee and Trust Company " as such trustee and indorsed thereon, was, in effect, to render them real, true and genuine. Without certification they would have been valueless. *Holland Trust Co.* v. *Thomson-Houston El. Co.*, 170 N. Y. 68.

The position of the plaintiff is not unlike that of the holder of a certificate of stock which has been lost or destroyed. While section 67 of the Stock Corporation Law provides for the procedure in the event of a lost or destroyed certificate of stock, the statute, as was stated in *Kinnan* v. *F. S. S., M. & St. N. R. R. Co.*, 140 N. Y. 183, " must be regarded as giving a cumulative, additional and summary remedy of a purely equitable character."

The " duplicate " bond issued in this case is similar to the " new " certificate of stock issued in place of the one lost. The rights of persons claiming under the certificates alleged to have been lost, under section 68 of the Stock Corporation Law, as against the indemnity which may be ordered by the court are not different than the rights of this defendant as against the indemnity which it received prior to the issuance of the duplicate bonds.

In accordance with the stipulation, judgment is directed in favor of the plaintiff.

Judgment accordingly.