G. T. THAYER *v.* SOUTH SIDE FOUNDRY & MACHINE WORKS, *et al.*

(No. 7097)

Submitted March 30, 1932. Decided April 12, 1932.

*Revercomb & Revercomb* and *Koontz, Hurlbutt & Revercomb,* for appellant.

*Price, Smith & Spilman,* for appellee Kanawha Banking & Trust Co.

MAXWELL, JUDGE:

The Citizens National Bank of Covington, Virginia, appeals from a decree of the circuit court of Kanawha County sustaining the demurrer of the Kanawha Banking & Trust Company to a cross-bill filed in this cause by the said bank.

In 1915 the South Side Foundry & Machine Works, a corporation, executed a deed of trust to Kanawha Banking & Trust Company, trustee, on the properties of the grantor to secure the payment of $50,000 of bonds with interest at six per centum. These bonds were issued and in 1922 $40,000 thereof remained outstanding. In 1922, the said Foundry Company again conveyed its property to the same trustee to secure a new issue of $150,000 of bonds with interest at seven per centum.

Of the latter issue appellant acquired thirty-eight bonds of the par value of $500.00 each, aggregating $19,000. Appellant, along with many other bondholders and creditors

of the Foundry Company, was made a defendant in the bill which has for its primary purpose the winding up of the affairs of the South Side Foundry & Machine Works, Inc.

The cross-bill of appellant is predicated on the fact that although the bonds of 1922 were denominated first mortgage bonds and were acquired by appellant under the belief of its officers that such bonds were in fact first mortgage bonds, and without any knowledge to the contrary, the information has subsequently come to the appellant that at the time of the issuance of the 1922 bonds there were outstanding and unpaid $40,000 of the 1915 issue, and that at the time of the filing of the cross-bill there were still outstanding at least $31,000 of said 1915 bonds. It is urged by appellant that the trustee was derelict in its duty in authenticating and placing its signature upon the bonds of 1922, so that the same could be put on the market by the mortgagor, while the above mentioned portion of the 1915 issue remained outstanding and unsatisfied; and that the appellant has been prejudiced by that action of the trustee, in that it has become apparent that the appellant does not in fact hold first mortgage bonds such as they purport to be but that they are secondary to the unpaid portion of the 1915 issue.

The prayer of the cross-bill is that after sale of the properties of the South Side Foundry & Machine Works in this suit and application of the proceeds of sale have been made under court decree, there be ascertainment of the loss which has been caused the appellant by reason of the alleged wrongful administration of the second trust by the trustee in authenticating the bonds secured by said trust while at least $31,000 par value of the bonds of 1915 were outstanding, unpaid and of prior dignity, and that there be a decree against said Kanawha Banking & Trust Company requiring payment by it to appellant of the sum thus ascertained to be the amount of the loss which it has sustained in the premises.

Each of the bonds of the 1922 series makes specific reference on its face to the deed of trust which had been executed by the South Side Foundry & Machine Works as security for said bonds. The deed of trust was of record in the office

of the clerk of the county court of Kanawha County. Any purchaser of these bonds must be deemed to have acquired them with full knowledge of all information which is disclosed by the trust itself. *Fidelity Co.* v. *Railroad Co.*, 32 W. Va. 244, 270, 9 S. E. 180; 9 Corpus Juris, page 66.

In the 1922 deed of trust it is specifically provided that $40,000 par value of the bonds secured by that trust should be delivered by the treasurer of the Foundry Company to the Kanawha Banking & Trust Company, trustee, for the purpose of exchange for the outstanding and unpaid bonds of the 1915 issue, and that upon such exchange being made there should be a release of the 1915 trust, ''and thereby constitute the present deed of trust the first and only mortgage against all of said property.''

In the 1922 trust there is incorporated the form of the bond to be secured thereby. The said form contains this provision: ''Neither this bond nor any of the coupons for interest thereon, shall become or be valid until the bonds have been authenticated by the Certificate endorsed hereon duly executed by the Trustee under said indenture.'' The form of the certificate to be placed on the bonds by the trustee is also set forth in the trust as follows: ''It is hereby certified that this bond is one of the series of bonds mentioned and described in the indenture or deed of trust within referred to.''

Other than in the two particulars just stated, the trust placed no specific duties upon the trustee in connection with the issuance of the bonds.

Two propositions thus stand out vividly: First, information of which the appellant was bound to take note was readily available and accessible to it, which would have plainly disclosed that the bonds of the second issue would not in fact be first mortgage bonds, although so denominated on their face, until such time as the outstanding bonds of the first issue were discharged and the lien of the 1915 trust was released; and, Second, the trustee did not assume further responsibility than merely by its certificate to identify the bonds as of the 1922 issue, and to take charge of $40,000 of the new bonds for the purpose of exchanging them for old

ones, if the old ones should be presented by their owners for exchange. The trustee did not assume to become a guarantor of the sufficiency of the security or of the regularity of the conduct of the obligor in the issuance of the bonds. In the similar case of *Tschetinian* v. *City Trust Co.*, (N. Y.) 79 N. E. 401, where the trustee had endorsed on each bond a certificate that it was one of a series of bonds described in the mortgage referred to, the court held that "the trustee did not, in the absence of fraud or misrepresentation, guarantee the quality and extent of the security given by the mortgage, and was not liable to a bondholder because the mortgage securing the bonds was not a first mortgage." See also *Ainsa* v. *The Mercantile Trust Co.*, (Cal.) 163 Pac. 898, where it is held that the trustee's certificate of genuineness attached to bonds and the interest coupons does not constitute a guaranty of the legal sufficiency of the security. Reference may be had to the numerous decisions and texts cited in the opinion of the court in that case.

For the reasons above presented, we are of opinion that there was no error in the trial chancellor's action in sustaining the demurrer to the cross-bill and of dismissing the same.

*Affirmed.*