■ HONEY MANN, Appellant, v. COMPANIA PETROLERA TRANS-CUBA, S. A., et al., Defendants; EMILIO E. BELLO et al., Appellants, and LOUIS J. LEFKOWITZ,

as Attorney-General of the State of New York, et al., Respondents.— Resettled order entered on November 14, 1968, affirmed on the opinion of Special Referee Coleman, with $50 costs and disbursements to respondents. Concur — Stevens, P. J., McGivern and Nunez, JJ.; Capozzoli and McNally, JJ., dissent in part and vote to modify in the following memorandum by McNally, J.: The resettled order should be modified to provide for the allowance of the claim of appellant Jones to the extent of 27,000 shares. The evidence establishes payment for said shares; the certificate numbers and the misplacement by Jones' broker of certificates evidencing 5,300 shares. In addition, Jones' testimony is that he did not sell or transfer said 5,300 shares. Appellant's proof is undisputed and would entitle him to equitable relief to the extent of compelling the corporation to issue certificates for the said shares. (*Kinman* v. *Forty-Second Street, Manhattanville St. Nicholas Ave. Ry. Co.*, 140 N. Y. 183.) The Referee was constrained by the ruling of the receivers limiting proof of ownership by means of the production of original stock certificates and accordingly did not give effect to appellants' undisputed proof.